# CV 10 1258

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

-------------------------------------------------------X
SHARON DORSETT, individually and as the *(S.F.)*
Administratix of the Estate of JO'ANNA BIRD,

**FILED**   **Docket No.:**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y

*Plaintiffs,*

★ MAR 1 9 2010 ★

**COMPLAINT**

-against-

*Jury Trial is Demanded*

LONG ISLAND OFFICE

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, OFFICE OF THE
NASSAU COUNTY DISTRICT ATTORNEY,
Detective ROBERT ARIOLA, in his official and
individual capacities, Police Officers And/Or
Detectives JOHN AND JANE DOES 1 - 10, District
Attorney JOHN AND JANE DOES 1 - 10, And
LEONARDO VALDEZ-CRUZ,

**SPATT, J.**

**TOMLINSON, M**

*Defendants.*
-----------------------------------------------------------X

PLAINTIFFS, SHARON DORSETT, individually and as Administratix for The Estate Of

JO'ANNA BIRD, by and through their attorneys, The Law Offices of Frederick K. Brewington,

provide the following Complaint and state and allege as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees against COUNTY OF NASSAU, NASSAU

COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT

ATTORNEY, Detective ROBERT ARIOLA, in his official and individual capacities, Police Officers

And/Or Detectives JOHN AND JANE DOES 1 - 10, District Attorney JOHN AND JANE DOES

1 - 10, And LEONARDO VALDEZ-CRUZ, for committing acts under color of law and depriving

plaintiffs of rights secured by the Constitution and laws of the United States and the State of New

York for violations of the Plaintiffs' rights, brought pursuant to federal statue 42 *U.S.C.* § 1983, and

state causes of action for negligence, gross negligence, abuse of process, wrongful death, assault,

battery, and false imprisonment, loss of consortium and parental care, negligent infliction of

emotional distress, intentional infliction of emotional distress, and *prima-facie* tort violations.

2.      Specifically, Plaintiffs allege that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive them of their Constitutional rights, pursuant to the above mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiffs of rights secured by the Constitution and laws of the State of New York.

3.      Plaintiffs allege that Defendants (collectively and individually), their agents, employees and servants unlawfully created, harbored, supported, condoned, and facilitated a dangerous and life-threatening circumstance for Deceased Plaintiff JO'ANNA BIRD, which directly and ultimately led to JO'ANNA BIRD'S harm, injury, continued harassment by Co-Defendant LEONARDO VALDEZ-CRUZ, conscious pain and suffering, and wrongful death.

4.      Plaintiff alleges that the Municipal Defendants, with knowledge of the dangerous situation faced by Plaintiff JO'ANNA BIRD, allowed Defendant LEONARDO VALDEZ-CRUZ to continue to stalk, menace, torture, harass, annoy, injure, kidnap, physically and verbally threaten, physically and verbally endanger the life and well-being of Deceased Plaintiff JO'ANNA BIRD.

5.      Defendant LEONARDO VALDEZ-CRUZ did in fact subject Plaintiff JO'ANNA BIRD to the above-described abuses and recklessly, indifferently, intentionally and/or negligently caused the death of JO'ANNA BIRD.

6.      Municipal Defendants were grossly negligent, negligent, reckless, indifferent, and/or intentionally and recklessly breached their duties of care and legal obligation with respect to their interactions with and treatment of Plaintiffs as described herein - which directly caused the injuries and death of Deceased Plaintiff JO'ANNA BIRD and Plaintiffs.

7.      Plaintiffs further allege that Defendants (collectively and individually) were negligent in training, hiring, supervising and investigating its police officers, employees, representatives, and/or agents (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10). Additionally, Defendants are liable to the Plaintiffs for abuse of

2

process, and for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the individual Defendants, and by maliciously failing to investigate, control, or attempt to control, the actions of Defendant LEONARDO VALDEZ-CRUZ prior to the death of Deceased Plaintiff JO'ANNA BIRD.

8.      As a direct result of the Municipal Defendants' actions (or lack thereof), Plaintiff JO'ANNA BIRD was tortured, stalked, menaced, maimed, harassed, annoyed, injured, threatened, mutilated, kidnaped and killed by LEONARDO VALDEZ-CRUZ, and are liable for causing expenses, and special damages due to the Defendants' actions, including but not limited to: substantial legal fees, substantial burial and funeral costs, medical bills, lost income, loss of employment, loss of employment potential, loss of consortium, loss of life, loss of liberty, and other cost/expenses.

9.      Plaintiffs allege Municipal Defendants, in willingly, recklessly, indifferently, and knowingly acting with LEONARDO VALDEZ-CRUZ to deprive Plaintiffs of their various constitutional rights, conspired and/or with a callous disregard for the consequences of their actions and otherwise acted under the color of law to deprive Plaintiffs of their rights and privileges in violation of 42 *U.S.C.* § 1983. In addition, Defendants were negligent, grossly negligent and/or breached their duties of care with respect to their interactions with Plaintiffs, prior to, and including the date of JO'ANNA BIRD's, murder/death as described below.

10.     On or about April 28, 2009, Plaintiffs timely and properly served a notice of claim on the Municipal Defendants in accordance with the General Municipal Law §50-e. Thereafter, the County Of Nassau conducted a hearing and/or held an examination of SHARON DORSETT pursuant to General Municipal Law § 50-h.

11.     On or about March 18, 2010, Plaintiffs timely and properly served an amended notice of claim on the Municipal Defendants in accordance with the General Municipal Law §50-e. Thereafter, the County Of Nassau conducted a hearing and/or held an examination of SHARON DORSETT pursuant to General Municipal Law § 50-h.

**JURISDICTION AND VENUE**

12.     The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

13.     This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14.     Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that Plaintiffs reside in Nassau County. Furthermore, the place where the events and violations herein alleged occurred was in Nassau County.

**PARTIES .**

15.     SHARON DORSETT, is the natural mother and duly appointed Adminstratix of the Estate of Plaintiff Deceased Plaintiff JO'ANNA BIRD (hereinafter collectively referred to as "Plaintiffs"). At the time/date of the filing of the instant Complaint, Plaintiff JO'ANNA BIRD is no longer living and/or is deceased. At the time of the events listed in this Complaint, Plaintiffs resided in New Cassel/Westbury, County of Nassau, State of New York.

16.     Upon information and belief, Defendant COUNTY OF NASSAU (hereinafter "COUNTY") is a duly constituted municipal corporation of the State of New York. Upon information and belief, the COUNTY formed and has direct authority over several different departments including the Nassau County Police Department and the Nassau County District Attorney's Office. The aforementioned departments and/or the employees, agents or representatives of said departments are directly involved in violations that are at issue in this complaint.

17.     Upon information and belief, Detective ROBERT ARIOLA, and OFFICERS JANE AND JOHN DOES 1 - 10 are police officers, detectives, agents, and/or are otherwise employed by the COUNTY under the direction of the NASSAU COUNTY POLICE DEPARTMENT and were acting in furtherance of the scope of their employments and acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the County of Nassau. Detective ROBERT ARIOLA and Officers JOHN and JANE DOES are being sued herein in their individual and official capacities. Prior to the filing of this Complaint, Plaintiffs made

4

reasonable requests to Defendants seeking the identity of the Police Officer JOHN and JANE DOES, but Plaintiffs' requests were rebuffed.

18.     Upon information and belief, District Attorney JANE AND JOHN DOES 1 - 10 are police officers, detectives, agents, and/or are otherwise employed by the COUNTY under the direction of the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and were acting in furtherance of the scope of their employments and acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the County of Nassau. District Attorney JOHN and JANE DOES are being sued herein in their individual and official capacities. Prior to the filing of this Complaint, Plaintiffs made reasonable requests to Defendants seeking the identity of the District Attorney JOHN and JANE DOES, but Plaintiffs' requests were rebuffed.

19.     Upon information and belief, Defendant LEONARDO VALDEZ-CRUZ (hereinafter "Defendant VALDEZ-CRUZ" was an acquaintance of the Deceased Plaintiff JO'ANNA BIRD prior to her death. Defendant VALDEZ-CRUZ is also the biological father of Plaintiff BIRD'S child Leonardo Antonio Valdez, Jr. Defendant VALDEZ-CRUZ is currently residing as an inmate at the Nassau County Correctional Facility. Defendant VALDEZ-CRUZ intentionally, callously, recklessly and/or with gross negligence, caused the death of Plaintiff JO'ANNA BIRD as described in detail below.

## FACTUAL ALLEGATIONS

20.     On or about March 19, 2009, at 421 Grand Boulevard, located in the Village Of Westbury / New Cassel, State Of New York Deceased Plaintiff JO'ANNA BIRD was murdered and/or caused to wrongfully expire at the hands of Defendant LEONARDO VALDEZ-CRUZ.

21.     Deceased Plaintiff's untimely death occurred as a direct result of Collective Defendants COUNTY OF NASSAU'S, NASSAU COUNTY POLICE DEPARTMENT'S, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY'S, and Police officers And/Or Detectives Defendants' failure(s) to provide her with the necessary police protection and/or to intervene at a time when they were aware that Deceased Plaintiff was in immediate physical danger - both within

and outside Defendants' presence, including but not limited to timely and proper police assistance and security, timely and proper administrative action by Defendant District Attorneys, including investigation.

22.     Deceased Plaintiff's untimely death occurred as a direct result of Collective Defendants COUNTY OF NASSAU'S, NASSAU COUNTY POLICE DEPARTMENT'S, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY'S, Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10 failure(s) to provide her with the necessary and timely emergency medical treatment.

23.     Deceased Plaintiff's untimely death occurred as a direct result of Collective Defendants COUNTY OF NASSAU'S, NASSAU COUNTY POLICE DEPARTMENT'S, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY'S, and Detective ROBERT ARIOLA's, Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10's AND District Attorney JOHN AND JANE DOES 1 - 10's affirmative creation and facilitation of a dangerous circumstance wherein Defendant CRUZ was allowed to threaten, harass, stalk, target, menace and then cause death to and/or brutally murder Deceased Plaintiff - within and/or within close proximity to Municipal Police Officer Defendants.

24.     Long before March 19, 2009, Plaintiff BIRD and Defendant VALDEZ-CRUZ were involved in a personal relationship. During  this prior relationship, Plaintiff BIRD and Defendant VALDEZ-CRUZ conceived a child, Leonardo Antonio Valdez Jr..

25.     Plaintiff BIRD and Defendant VALDEZ-CRUZ were never married. Plaintiff BIRD parted-ways with Defendant VALDEZ-CRUZ following a number of serious and violent situations wherein Defendant VALDEZ-CRUZ physically and verbally abused Plaintiff BIRD during their relationship.

26.     The child conceived during the relationship remained in the main custody and control of Plaintiff BIRD following her breakup with Defendant VALDEZ-CRUZ.

27.     Defendant VALDEZ-CRUZ's physical and verbal abuse toward and against Plaintiff BIRD, as well as her children, remained ongoing and continuous after Plaintiff ended the relationship with Defendant VALDEZ CRUZ, including stalking and willful defiance to Court issued Orders of Protection.

28.     Plaintiff BIRD was caused to contact law enforcement authorities of the Defendant COUNTY OF NASSAU (including the Nassau County Police Department Defendants and the Office Of The Nassau County District Attorney) on numerous occasions to make and/or to file reports of abuse and harassment against Defendant VALDEZ-CRUZ.

29.     Plaintiff BIRD sought the protection and intervention from the COUNTY OF NASSAU with respect to Defendant VALDEZ-CRUZ.

30.     COUNTY OF NASSAU Defendants were collectively placed on notice (by both Plaintiff BIRD and members of her family including SHARON DORSETT) of Defendant VALDEZ-CRUZ's ongoing abusive behavior against Plaintiff BIRD on numerous occasions prior to and at the time of Death/Murder of Plaintiff BIRD.

31.     At all times relevant to the Complaint, COUNTY OF NASSAU Defendants were fully aware of the full identity of Defendant VALDEZ-CRUZ and his abusive and illegal physical actions against Plaintiff BIRD and their children.

32.     Continuously from the year 2007 through 2009, JO'ANNA BIRD made numerous complaints to the COUNTY OF NASSAU regarding her fear of LEONARDO VALDEZ-CRUZ and the fear for her and her children's health, life and safety.

33.     Continuously from the year 2007 through 2009, JO'ANNA BIRD made numerous complaints to the NASSAU COUNTY POLICE DEPARTMENT, (including but not limited to Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10 regarding her fear of LEONARDO VALDEZ-CRUZ and the fear for her and her children's health, life and safety.

34.     Continuously from the year 2007 through 2009,  JO'ANNA BIRD made numerous complaints to the Office of the NASSAU COUNTY District Attorney regarding her fear of LEONARDO VALDEZ-CRUZ and the fear for her and her children's health, life and safety.

35.     Acting in a non-judicial, administrative and investigatory function, District Attorney JOHN DOES 1-10, employed by defendants COUNTY OF NASSAU AND NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE routinely initiate and supervise investigations during which they control and direct the actions of OFFICERS AND/OR DETECTIVES and other agents and/or employees of defendants COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE.

36.     Acting in a non-judicial, administrative and investigatory function, District Attorney JOHN DOES 1-10, employed by defendants COUNTY OF NASSAU AND NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE were involved in the supervision of key aspects of investigations relating to the crimes for which Defendant LEONARDO VALDEZ-CRUZ was charged, during which time District Attorney JOHN DOES 1-10 employed by defendants COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE acting in a non-judicial, administrative and investigatory function controlled and directed the actions of defendant OFFICERS AND/OR DETECTIVES and other agents and/or employees of Defendants COUNTY OF NASSAU and NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE.

37.     The COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT Defendants and OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY failed to properly respond to known complaints/concerns raised by Plaintiff BIRD and on her behalf against Defendant CRUZ.

38.     On several occasions, the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) and OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY failed to arrest,  prosecute and properly charge Defendant LEONARDO VALDEZ-

8

CRUZ for his ongoing criminal actions against Plaintiff BIRD and her children.

39.     At all times relevant to this Complaint, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) knew, and/or knew of, Defendant VALDEZ-CRUZ.

40.     At all times relevant to this Complaint, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) knew, and/or knew of, Defendant VALDEZ-CRUZ through his numerous involvements with the criminal justice system - including but not limited to his prior arrests.

41.     At all times relevant to this Complaint, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) knew, and/or should have known of, Defendant VALDEZ-CRUZ through his numerous involvements with the criminal justice system - including but not limited to domestic dispute incidents related to Defendant VALDEZ-CRUZ and Deceased Plaintiff BIRD wherein the COUNTY OF NASSAU Defendants were provided notice, requested to provide assistance and caused to intervene and assist Deceased Plaintiff BIRD and her children.

42.     At all times relevant to this Complaint, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) knew, and/or knew of, Defendant VALDEZ-CRUZ through prior involvement that VALDEZ-CRUZ and other members of his family (such as his sister Aurea Cruz) had with COUNTY OF NASSAU Police Defendants on prior occasions.

43.     As a result of prior domestic dispute incidents, involving Defendant VALDEZ-CRUZ wherein Deceased Plaintiff and her family was caused to seek assistance and protection from COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), multiple orders of protection (and temporary orders of protection) were requested by COUNTY OF NASSAU Defendants against Defendant VALDEZ-CRUZ on behalf of Deceased Plaintiff and her children in order to protect Plaintiff and

her children from Defendant VALDEZ-CRUZ.

44.     As a result of prior domestic dispute incidents, involving Defendant VALDEZ-CRUZ wherein Deceased Plaintiff was caused to seek assistance and protection from COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), multiple orders of protection were issued by the state courts against Defendant VALDEZ-CRUZ on behalf of Deceased Plaintiff and her children as a result of the COUNTY OF NASSAU Defendants' requests for said orders of protection and temporary orders of protection.

45.     The orders of protection issued against Defendant VALDEZ-CRUZ stipulated and specified that Defendant VALDEZ-CRUZ was required to stay away from Deceased Plaintiff and her children and refrain from any and all communication and/or contact with JO'ANNA BIRD and her children.

46.     At all times relevant to this Complaint, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) knew, should have known, and/or would have known with reasonable diligence that multiple orders, and/or temporary orders of protection, were issued against Defendant VALDEZ-CRUZ wherein he was directed to stay away from Plaintiff BIRD and refrain from any and all communication and/or contact with JO'ANNA BIRD and her children.

47.     Pursuant to an active order of protection that existed on March 19, 2009 against Defendant VALDEZ-CRUZ, COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), as well as Defendant VALDEZ-CRUZ, were all fully aware that Defendant VALDEZ-CRUZ could not go near Plaintiff BIRD.

48.     Pursuant to an active order of protection that existed on March 19, 2009, COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), as well as Defendant VALDEZ-CRUZ knew that a

10

violation of the Stay Away Order of Protection by Defendant VALDEZ-CRUZ should automatically amount to a criminal offense wherein Defendant VALDEZ-CRUZ should be arrested, prosecuted, and potentially serve a term of imprisonment.

49.    Despite the existence of the aforementioned orders of protection, Defendant VALDEZ-CRUZ continued to intentionally disregard the law and orders and contact Deceased Plaintiff BIRD without grant of Court,  her consent and against her clear demands to VALDEZ-CRUZ to cease such contact.

50.    Despite the existence of the aforementioned orders of protection, Defendant VALDEZ-CRUZ continued to intentionally disregard the law and subject Plaintiff BIRD and her children to abuse, threats, threatening behavior, intimidating behavior, harassment and physical violence - after the orders of protection were in place.

51.    Plaintiff BIRD and her family continually advised Defendant VALDEZ-CRUZ to stop violating the order(s) of protection and to cease contacting Plaintiff BIRD and her children.

52.    Defendant VALDEZ-CRUZ disregarded Plaintiff BIRD's (and the court's) orders to stay away from Plaintiff BIRD and her children.

53.    Instead, Defendant VALDEZ-CRUZ expressed, and made clearly known to everyone (including the COUNTY OF NASSAU Defendants), his intent to continue to violate the court order(s) of protection and to continue to harass Plaintiff BIRD.

54.    Defendant VALDEZ-CRUZ did intentionally and willingly ignore the wishes of Plaintiff, the Order(s) of the court, and the request(s) of the COUNTY OF NASSAU to stay away from Plaintiff BIRD and her children and continued to contact, and attempt to contact, deceased Plaintiff BIRD.

55.    COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were contacted by Plaintiff BIRD on numerous occasions and advised that Defendant VALDEZ-CRUZ had violated the stay away order of protection. On each occasion, Plaintiff and her family requested that

VALDEZ-CRUZ be arrested and fully prosecuted, to no avail on most occasions.

56.     For example, on one occasion that took place in January 2009, Plaintiff BIRD contacted 911 emergency and advised the NASSAU COUNTY POLICE Defendants that Defendant VALDEZ-CRUZ was in her home - against a valid order of protection.

57.     The police officers confirmed that an order of protection was in place at that time and entered Plaintiff BIRD'S home. Plaintiff's home was barricaded by VALDEZ-CRUZ at the time when the police attempted to enter.

58.     The Police officers eventually gained entry to Plaintiff BIRD'S residence, through force, and discovered Defendant VALDEZ-CRUZ inside Plaintiff's apartment - in violation of an order of protection that was valid, active and in place for months prior to this incident.

59.     Defendant VALDEZ-CRUZ gave a full statement of admission to the COUNTY OF NASSAU Police, including Defendant DETECTIVE ARIOLA, that VALDEZ-CRUZ broke-in and entered Plaintiff BIRD'S apartment through a second-story window at the residence and was found asleep in Plaintiff BIRD's home - in violation of a standing stay away order of protection.

60.     Defendant VALDEZ-CRUZ was arrested on this occasion. However, his violation(s) of the standing stay away order of protection continued immediately after said arrest. Defendant VALDEZ-CRUZ continued to contact Plaintiff BIRD by telephone, in person, and by letter(s).

61.     In some of these communications to Plaintiff, Defendant VALDEZ-CRUZ would threaten Plaintiff BIRD with physical harm if she became involved in any relationships with anyone other than Defendant VALDEZ-CRUZ.

62.     Plaintiff BIRD continually made the COUNTY OF NASSAU Police (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) aware that Defendant VALDEZ-CRUZ continued to violate the orders of protection.

63.     Plaintiff BIRD continually made the COUNTY OF NASSAU Police (particularly the members of the Third Precinct including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) aware that she was concerned for her safety, as well

as the safety of her children.

64.     Between 2008-2009, Defendant VALDEZ-CRUZ openly and blatantly violated the stay away orders of protection against him in the direct presence of the NASSAU COUNTY POLICE Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) on numerous occasions.

65.     The NASSAU COUNTY POLICE Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), as direct eye-witnesses to Defendant VALDEZ-CRUZ's numerous violations of the orders of protection, could have prosecuted and/or continued the prosecutions of Defendant VALDEZ-CRUZ for contempt and/or other crimes.

66.     The NASSAU COUNTY POLICE Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), as direct eye-witnesses to Defendant VALDEZ-CRUZ's numerous violations of the orders of protection, did not need Plaintiff BIRD in order to prosecute Defendant VALDEZ-CRUZ.

67.     Pursuant to the Family Court Act and the Criminal Procedure Law of the State of New York, the NASSAU COUNTY Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), as direct eye-witnesses to Defendant VALDEZ-CRUZ's numerous violations of the orders of protection, had affirmative duties to prevent, arrest, and/or prosecute Defendant VALDEZ-CRUZ when they became aware of his violations.

68.     Pursuant to the Family Court Act and the Criminal Procedure Law of the State of New York, the NASSAU COUNTY Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), as direct eye-witnesses to Defendant VALDEZ-CRUZ's numerous violations of the orders of protection, had affirmative duties to prevent, arrest, and/or prosecute Defendant VALDEZ-CRUZ when they directly observed VALDEZ-CRUZ's violations of the order(s) of protection.

69.     Upon information and belief, the COUNTY OF NASSAU Defendants, on several occasions, did little to nothing in response to Plaintiff BIRD's concerns. Plaintiff's complaints were ignored and the violations of Defendant VALDEZ-CRUZ against Plaintiff BIRD continued and escalated.

70.     Despite their personal knowledge that Defendant VALDEZ-CRUZ continued to violate orders of protection and continued to stalk, harass and menace Plaintiff JOANNA BIRD, COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) did nothing to prevent VALDEZ-CRUZ's repeated violations.

71.     Instead, the COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) blamed the victim, Plaintiff BIRD, for failing to follow through with the criminal process against Defendant VALDEZ-CRUZ, among other things, despite her clear willingness to do so.

72.     Due to the repeated failures of The COUNTY OF NASSAU Police Defendants to take action against Defendant VALDEZ-CRUZ, and/or the Defendants' affirmative and willing refusal to adhere to their duties to take action against Defendant VALDEZ-CRUZ, Plaintiff BIRD and her family were all caused to believe that their complaints to the Police were futile.

73.     Plaintiff BIRD's repeated complaints to the Police were, in fact, futile (as alleged and described below).

74.     Due to the actions of the COUNTY Defendants, the court-issued orders of protection that were provided for the benefit of Plaintiff BIRD were, in fact, futile and unenforced.

75.     Due to the actions of the COUNTY Police Defendants, Defendant VALDEZ-CRUZ was effectively allowed, and in some occasions encouraged, allowed to disobey said orders of protection and disregard same as being of no consequence.

76.     To Defendant VALDEZ-CRUZ, all of the orders of protection were not taken seriously.

77. To The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), the orders of protection were not treated with a sense of importance and urgency.

78. To The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), their affirmative duties to enforce compliance with the orders of protection and the laws of the State of New York were not treated with a sense of importance and urgency.

79. The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), blatantly disregarded the proper and strict enforcement of the orders of protection and the laws of the State of New York because they were not treated with a sense of importance and urgency.

80. The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), blatantly disregarded the orders of protection because their duties to enforce the orders were unimportant.

81. In or around January of 2009, because The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) actually witnessed Defendant VALDEZ-CRUZ violate the orders of protection, the COUNTY OF NASSAU Police Defendants could have provided testimony and evidence (as actual eye witnesses) against Defendant VALDEZ-CRUZ without Plaintiff BIRD.

82. In or around January of 2009, because The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) actually witnessed Defendant VALDEZ-CRUZ violate the orders of protection, Plaintiff BIRD's testimony and/or presence as a witness was unnecessary.

83. Nevertheless, The COUNTY OF NASSAU Defendants refused to prosecute Defendant VALDEZ-CRUZ for violating the orders of protection and instead they continued to give Defendant VALDEZ-CRUZ leniency and virtual free reign to continue to stalk Plaintiff BIRD.

15

77.     To The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), the orders of protection were not treated with a sense of importance and urgency.

78.     To The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), their affirmative duties to enforce compliance with the orders of protection and the laws of the State of New York were not treated with a sense of importance and urgency.

79.     The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), blatantly disregarded the proper and strict enforcement of the orders of protection and the laws of the State of New York because they were not treated with a sense of importance and urgency.

80.     The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), blatantly disregarded the orders of protection because their duties to enforce the orders were unimportant.

81.     In or around January of 2009, because The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) actually witnessed Defendant VALDEZ-CRUZ violate the orders of protection, the COUNTY OF NASSAU Police Defendants could have provided testimony and evidence (as actual eye witnesses) against Defendant VALDEZ-CRUZ without Plaintiff BIRD.

82.     In or around January of 2009, because The COUNTY OF NASSAU Police Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) actually witnessed Defendant VALDEZ-CRUZ violate the orders of protection, Plaintiff BIRD's testimony and/or presence as a witness was unnecessary.

83.     Nevertheless, The COUNTY OF NASSAU Defendants refused to prosecute Defendant VALDEZ-CRUZ for violating the orders of protection and instead they continued to give Defendant VALDEZ-CRUZ leniency and virtual free reign to continue to stalk Plaintiff BIRD.

84.     The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, District Attorney JOHN DOES 1-10, Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) continued to affirmatively represent to Plaintiff BIRD (to her detriment) and her family that they would keep Defendant VALDEZ-CRUZ away from Plaintiff BIRD, including but not limited to not conducting a hearing and allowing him to be released from detention.

85.     Acting in a non-judicial, administrative and investigatory function, District Attorney JOHN DOES 1-10, employed by defendants COUNTY OF NASSAU AND NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, failed to properly investigate, failed to prepare the necessary witnesses, failed to conduct a felony exam, failed to direct the Detectives, Police and necessary medical witnesses to testify, failed to schedule witnesses and medical personnel for a felony exam, failed to gather the necessary admissible and documentary evidence and failed to present such evidence at a felony exam as it relates to Defendant LEONARDO VALDEZ-CRUZ.

86.     The COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT Defendants and OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY failed to properly respond to known complaints/concerns raised by Plaintiff BIRD and on her behalf against Defendant CRUZ.

87.     The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, District Attorney JOHN DOES 1-10, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), who knew Defendant VALDEZ-CRUZ and often referred to him by his nickname "Pito," treated the incidences as if they were minor and customarily allowed VALDEZ-CRUZ to continue to violate the order(s) of protection.

88.     On several occasions throughout the years 2008 and 2009, the COUNTY OF NASSAU Defendants intentionally ignored Plaintiff BIRD and her family repeated complaints against Defendant VALDEZ-CRUZ.

89.     On one or more of these occasions, the COUNTY OF NASSAU Defendants would arrive at Plaintiff's residence, or respond to a call from Plaintiff or her family, to find Defendant

VALDEZ-CRUZ still in the presence of Plaintiff BIRD - in violation of existing and standing orders of protection.

90.    On many of these occasions when the COUNTY OF NASSAU Defendants would arrive at Plaintiff's residence and/or Plaintiff's family residence, or respond to a call from Plaintiff or her family regarding Defendant VALDEZ-CRUZ, and find Defendant VALDEZ-CRUZ in the presence of Plaintiff BIRD, the Police Defendants treated VALDEZ-CRUZ as a minor nuisance - as opposed to someone that repeatedly violated Court Orders and the laws of the State of New York in the Police's presence.

91.    On one or more of these occasions when the COUNTY OF NASSAU Defendants would arrive at Plaintiff's residence and/or Plaintiff's family residence, or respond to a call from Plaintiff or her family regarding Defendant VALDEZ-CRUZ, and find Defendant VALDEZ-CRUZ in the presence of Plaintiff BIRD, the Police Defendant would simply tell Defendant VALDEZ-CRUZ (while referring to him by his nickname) to "go away Pito," or "go take a walk Pito." and then allow him to walk out of the premises.

92.    On many of these occasions when the COUNTY OF NASSAU Defendants would arrive at Plaintiff's residence and/or Plaintiff's family residence, or respond to a call from Plaintiff or her family regarding Defendant VALDEZ-CRUZ, and find Defendant VALDEZ-CRUZ in the presence of Plaintiff BIRD, the Police intentionally refused to arrest Defendant VALDEZ-CRUZ, despite Plaintiff and her family's specific requests to do so.

93.    Defendant VALDEZ-CRUZ would always return and continue to harass Plaintiff BIRD because he knew that the Police Defendants would do nothing to stop him and VALDEZ-CRUZ regarded any police action as not serious.

94.    Plaintiff BIRD and her family also regarded their complaints as futile due to the repeated intentional failures of the Police Defendants to act in the face of Defendant VALDEZ-CRUZ's blatant violations. As a result, Plaintiff BIRD often expressed concerns that she knew she would be killed by Defendant VALDEZ-CRUZ because the Police, District Attorneys and the

17

County of Nassau would not protect her.

95.     By knowingly allowing Defendant VALDEZ-CRUZ to continue to violate the orders of protection, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) affirmatively assisted in creating and increasing the danger to Plaintiff BIRD and allowing her death to occur.

96.     By intentionally failing to adhere to their known duties, pursuant to New York State Law, to arrest and control Defendant VALDEZ-CRUZ, who violated the orders of protection in the Police Defendants' presence on numerous occasions, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) affirmatively assisted in creating and increasing the danger to Plaintiff BIRD.

97.     The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) explicitly and implicitly represented to Plaintiff BIRD that they would protect her, and/or prevent Defendant VALDEZ-CRUZ from going near her. Plaintiff BIRD while living in fear was affirmatively caused to rely on said representations and promises to her detriment.

98.     By affirmatively creating any expectations in Plaintiff BIRD, and by failing to adhere to their known duties, pursuant to New York State Law, to arrest and control Defendant VALDEZ-CRUZ, who openly violated the orders of protection in the Police Defendants' presence on numerous occasions, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) affirmatively assisted in creating and increasing the danger to Plaintiff BIRD and allowing her death to occur.

99.     As a matter of law, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were obliged to investigate and take appropriate action against Defendant VALDEZ-CRUZ for his open and obvious violations of the order(s) of protection.

100.    The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were well aware, the Plaintiff BIRD was in danger and that Defendant VALDEZ-CRUZ's multiple acts of contempt should have been treated seriously.

101.    At all times, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that Plaintiff BIRD was relying upon them pursuant to their promises to Plaintiff BIRD as well as the terms of the standing orders of protection.

102.    By their affirmative actions, promises to Plaintiff, and as per the order of protection, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) had an affirmative duty to act on behalf of Plaintiff BIRD.

103.    By their affirmative actions, promises to Plaintiff, and as per the order of protection, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) knew that their grossly negligent and intentional acts (in allowing Defendant VALDEZ-CRUZ to continue to violate the orders of protection) could and/or would be harmful to Plaintiff BIRD.

104.    The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) lulled Plaintiff BIRD into a false sense of security and induced Plaintiff to believe that she would be protected.

105.    The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) affirmative actions, assisted Defendant VALDEZ-CRUZ to continue to harass Plaintiff BIRD and effectively encouraged and facilitated said violations by VALDEZ-CRUZ.

106.    The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware of at least

19

seven (7) incidences in between the years 2008 - 2009 wherein Defendant VALDEZ-CRUZ blatantly violated orders of protections that were existing.

107. The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware of an incident in early 2009 wherein Defendant VALDEZ-CRUZ was found sleeping in Plaintiff's apartment/bedroom after illegally breaking and entering and barricading himself within same.

108. The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware of an incident in May 2008 wherein Defendant VALDEZ-CRUZ kidnaped, assaulted, raped and committed other vicious criminal acts to Plaintiff BIRD and held her hostage at gunpoint for hours.

109. The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that Defendant VALDEZ-CRUZ appeared at Plaintiff BIRD's hospital room where Plaintiff was being interviewed by the NASSAU COUNTY police (at that very moment) about being kidnaped and abused by Defendant VALDEZ-CRUZ.

110. On this occasion, when Defendant VALDEZ-CRUZ showed up to Plaintiff's hospital room, after creating the circumstance that led to Plaintiff BIRD being in the hospital to begin with, the Police asked Defendant VALDEZ-CRUZ "Pito, why are you here? Are you sick?."

111. Even though VALDEZ-CRUZ admitted that he was not sick and was present at the hospital for the sole purpose of visiting Plaintiff BIRD (i.e. violating the order of protection), VALDEZ-CRUZ was arrested and charged for the assault and kidnaping of Plaintiff BIRD but was not charged for violating the order of protection through his presence in the hospital.

112. Soon after, Defendant VALDEZ-CRUZ was soon after released from the custody of the NASSAU COUNTY POLICE Defendants and immediately continued his harassment of Plaintiff BIRD with full knowledge of the NASSAU COUNTY Police Defendants.

20

113. In each of the above-described incidents, Defendant VALDEZ-CRUZ was released from custody and allowed to carry-on with his harassment of Plaintiff BIRD - even while criminal charges were pending against VALDEZ-CRUZ for the exact same violations and contemptuous behavior.

114. The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware of other numerous instances in 2008 - 2009 wherein Plaintiff BIRD contacted the police and advised them the Defendant VALDEZ-CRUZ was violating the order(s) of protection.

115. Upon information and belief, in many of those instances, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) failed to properly report these incidences (in contravention of established rules and procedures of the Nassau County Police Dept. And the laws of the State of New York) and/or blatantly ignored the fact that they occurred.

116. Upon information and belief, in many of those instances, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) failed to act in response to these complaints by Plaintiff BIRD and/or failed to act in light of their first-hand knowledge of the violations committed by VALDEZ-CRUZ (in contravention of established rules and procedures of the Nassau County Police Dept. and the laws of the State of New York).

117. Upon information and belief, in many of those instances, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) ignored their affirmative duties to act in the face of known violations of VALDEZ-CRUZ pursuant to the orders of protection issued, the New York State Penal Law, The New York State Criminal Procedure Law, and the Family Court Act.

118. At all times relevant to the Complaint, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE

21

DOES 1 - 10) were on notice that Defendant VALDEZ-CRUZ was repeatedly and continuously violating the law and was stalking and harassing Plaintiff BIRD.

119.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ had a criminal history.

120.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ was affiliated with gangs in the Westbury area.

121.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ was involved with gangs and other criminal activity.

122.    The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ had a propensity to commit violence and/or violent acts.

123.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ had subjected Plaintiff BIRD and her children to violence and threatening behavior in the past and at all times relevant to the Complaint.

124.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ threatened to inflict physical violence upon Plaintiff BIRD on numerous occasions.

125.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ was an individual that tended to disobey the law

22

and repeatedly engage in acts of contempt against the courts - including disobeying court orders.

126.     Upon information and belief, Defendant VALDEZ-CRUZ and/or other members of his family had an ongoing personal relationship with The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) as an informant provider of information and/or informal source, among other things.

127.     Upon information and belief, due to this ongoing relationship between Defendant VALDEZ-CRUZ and/or other members of his family with The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) the Police Defendants were lenient with Defendant VALDEZ-CRUZ and allowed him to violate the law with immunity.

128.     Upon information and belief, due to this ongoing relationship between Defendant VALDEZ-CRUZ and other members of his family with The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), among other things, the Police Defendants were lenient with Defendant VALDEZ-CRUZ and allowed him to repeatedly violate the orders of protection held by Plaintiff BIRD.

129.     Upon information and belief, due to this ongoing relationship between Defendant VALDEZ-CRUZ and other members of his family with The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), among other things, the Police Defendants were lenient with Defendant VALDEZ-CRUZ and refused to arrest VALDEZ-CRUZ even when he violated the law in the presence of the Police.

130.     Defendant VALDEZ-CRUZ utilized his personal relationship with The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) in order to continue abusing and menacing Plaintiff BIRD.

131.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ had an ongoing drug abuse problem.

132.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ abused P.C.P and other drugs.

133.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ was often under the influence of P.C.P and other drugs at the times they came into contact with him including but not limited to when he violated the orders of protection with respect to Plaintiff BIRD.

134.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware that the Defendant VALDEZ-CRUZ was high on P.C.P and/or other drugs during occasions wherein he was arrested for violating other crimes and orders of protection with respect to Plaintiff BIRD.

135.    Upon information and belief, even with the knowledge that Defendant VALDEZ-CRUZ was an abuser of dangerous illegal drugs and would often be under the influence of same when he violated orders of protection, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) took no action against VALDEZ-CRUZ.

136.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) either arrested and/or stopped Defendant VALDEZ-CRUZ for unrelated crimes at the same time that Plaintiff BIRD was making reports that Defendant VALDEZ-CRUZ was repeatedly violating the order of protection, but failed to take appropriate action as to the violations of the Orders of

Protection.

137.     At all times relevant to the Complaint, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) knew Defendant VALDEZ-CRUZ and members of his family personally.

138.     Upon information and belief, COUNTY Defendants even often referred to Defendant VALDEZ-CRUZ by his nickname "Pito" because they were familiar with VALDEZ-CRUZ and had a history with VALDEZ-CRUZ.

139.     At all times relevant to the Complaint, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware of Defendant VALDEZ-CRUZ's whereabouts and could have located and arrested VALDEZ-CRUZ with reasonable diligence, at any time prior to his torture and killing of JO'ANNA BIRD.

140.     However, even though the COUNTY OF NASSAU Defendants were aware of Defendant VALDEZ-CRUZ's whereabouts and could have located and arrested VALDEZ-CRUZ with reasonable diligence, the NASSAU COUNTY Defendants intentionally refused to do so.

141.     On March 19, 2009 Deceased Plaintiff JOANNA BIRD, wrongfully died and/or was murdered as a result of The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) continued failures to provide her with the necessary police protection and timely proper medical treatment.

142.     On March 19, 2009 Deceased Plaintiff JOANNA BIRD, wrongfully died and/or was murdered as a result of The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) affirmative actions, which effectively allowed Defendant VALDEZ-CRUZ to enter Plaintiff BIRD's residence again and inflict harm upon Plaintiff BIRD, including torturing her, mutilating her and killing her.

143.     On March 19, 2009, on or around 10:20 a.m, in response to a frantic call from Deceased Plaintiff JO'ANNA BIRD, JO'ANNA BIRD's family members contacted 911 and advised

Defendant Police that Plaintiff BIRD was being assaulted by Defendant VALDEZ-CRUZ. .

144.    In the preceding days before this incident on March 16, 2009, Defendant VALDEZ-CRUZ either broke into the home of Plaintiff BIRD and/or violated the order of protection in some way on several separate prior occasions on that same week. In fact, Plaintiffs' called the police to report VALDEZ-CRUZ's violations multiple times prior to March 19, 2009.

145.    The COUNTY OF NASSAU Defendants were well-aware of the aforementioned multiple violations of the court order by Defendant VALDEZ-CRUZ prior to the date that Plaintiff BIRD was murdered, but did nothing and/or intentionally refused to act, despite their duty.

146.    Upon information and belief, the COUNTY OF NASSAU Police Defendants responded to the residence of Plaintiff BIRD on one of the three occasions and actually caught Defendant VALDEZ-CRUZ attempting to break-in to Plaintiff's home again.

147.    The COUNTY OF NASSAU Police Defendants simply told Defendant VALDEZ-CRUZ - who they referred to as "Pito" again, to "take a walk." Once again, the Police Officer Defendants treated this incident as if it were not a serious matter.

148.    On each of these occasions, much like the other events, the Police Officer Defendants were eyewitnesses to VALDEZ-CRUZ'S violation of the Stay Away Order of Protection and refused ....est Defendant VALDEZ-CRUZ and also intentionally refused to properly record and/or report the incidents.

149.    Again, the COUNTY OF NASSAU Police Defendants' actions (or intentional lack ....f) were contrary to protocol, rules and regulations of the Nassau Police Dept., the Penal Law of the State Of New York, The Criminal Procedure Laws Of The State Of New York, and The Family Court Act of the State Of New York.

150.    This time, on March 19, 2009 Plaintiff BIRD's family members sought police assistance and advised the Police that JO'ANNA BIRD was (once again) being held captive in her home at 421 Grand Boulevard, Westbury, New York by Defendant VALDEZ-CRUZ.

26

151.    At that time, Plaintiff was in her home with VALDEZ-CRUZ who was in fact holding her hostage, torturing, threatening, physically and verbally abusing Plaintiff BIRD.

152.    Upon information and belief, the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware of this fact and were aware that Defendant VALDEZ-CRUZ intentionally subjected Plaintiff BIRD to the same abuse previously (in violation of standing order(s) of protection) at the time that they received this 911 call.

153.    Over fifteen minutes passed and there was no response by NASSAU COUNTY POLICE, though police officers were nearby and/or within the vicinity of 421 Grand Ave, Westbury, NY.

154.    Upon information and belief, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were aware of the ongoing situation between "Pito," Defendant VALDEZ-CRUZ and Plaintiff BIRD at the time that they received this 911 call from her family.

155.    Nevertheless, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) allowed Plaintiff BIRD's family to stand outside of the home in fear.

156.    Plaintiff BIRD's family stood outside of Plaintiff BIRD's home and tried to gain access while also waiting for the police to arrive.

157.    When the police did not show up after fifteen (15) minutes, Plaintiff's family members were frantically caused to place a second call to the 911 emergency operator and advised them again that they needed police assistance as they were in fear for the health, life and safety of Plaintiff BIRD.

158.    Despite the known danger faced by Plaintiff BIRD, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) made no effort to respond to Plaintiff BIRD's apartment in a reasonable

27

manner and/or time-frame.

159.    Despite the known danger faced by Plaintiff BIRD, The COUNTY OF NASSAU Defendants callously, recklessly and with gross disregard for the welfare of Plaintiff BIRD, treated the 911 call as a non emergency matter.

160.    Despite the known danger faced by Plaintiff BIRD, The COUNTY OF NASSAU Defendants did not proceed in a reasonable manner to Plaintiff's home where they knew that crimes were being committed by Defendant VALDEZ-CRUZ against Plaintiff (including **yet another** violation of the order of protection) at that very moment.

161.    A minimum of twenty (20) additional minutes passed following Plaintiff's Family's second 911 call to COUNTY OF NASSAU Defendants and there was no response by the NASSAU COUNTY POLICE.

162.    After at least  twenty minutes following the second call to 911 emergency, the NASSAU COUNTY Police began to show-up to Plaintiff's residence.

163.    By this time, Plaintiff's Family, as well as her neighbors and others who stood outside the residence were distraught because Plaintiff BIRD was alone inside the home with VALDEZ-CRUZ, who had now barricaded himself and Plaintiff inside her home, for some forty (40) minutes.

164.    However, when the NASSAU COUNTY Police finally arrived at Plaintiff BIRD's residence, the Defendant Officers refused to enter the residence to render assistance to Plaintiff BIRD, and refused to allow Plaintiff's family members to enter residence.

165.    For some reason, the NASSAU COUNTY Police Defendants stayed outside the home and did nothing in response to the emergency taking place inside the home, which they were clearly aware of by this time.

166.    Again, while the officers negligently, callously and recklessly stood outside, Plaintiff BIRD's family members specifically and repeatedly advised the NASSAU COUNTY POLICE Defendants that Defendant VALDEZ-CRUZ has repeatedly threatened to kill Plaintiff BIRD.

167.     While the Defendant Officers negligently, callously and recklessly stood outside, Plaintiff BIRD's family members specifically and repeatedly advised the NASSAU COUNTY POLICE Defendants that Plaintiff  BIRD had numerous **active** Orders of Protections against Defendant VALDEZ-CRUZ.

168.     The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were all aware of VALDEZ-CRUZ's prior threats, physical abuse, and violations of orders of protection against Plaintiff BIRD as the officers stood outside of Plaintiff's home and did nothing. In fact, at least two (2) of the Police Officers on the scene were present during past incidents involving 911 calls made about VALDEZ- CRUZ's criminal behavior towards JO'ANNA BIRD.

169.     Despite this information, The COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentionally refused to apprehend the perpetrator, LEONARDO VALDEZ-CRUZ, while he was inside the residence and holding JO'ANNA BIRD hostage.

170.     The COUNTY OF NASSAU Defendants intentionally refused  to rescue JO'ANNA BIRD from her captor, LEONARDO VALDEZ-CRUZ and/or secure the capture of LEONARDO VALDEZ-CRUZ.

171.     The COUNTY OF NASSAU Defendants intentionally refused to surround Plaintiff BIRD's residence to prevent Defendant VALDEZ-CRUZ from escaping and/or to investigate the known danger(s) inside of the home.

172.     In addition to intentionally failing to act in the face of this known danger, The COUNTY OF NASSAU Defendants also actively prevented Plaintiff BIRD's own family,  friends, and neighbors, who stood outside in distraught, to enter the residence to assist Plaintiff BIRD.

173.     Upon information and belief The COUNTY OF NASSAU Defendants affirmatively prevented Plaintiff's family from entering the premises when her family expressed intention and interest in doing so. Upon information, the COUNTY OF NASSAU Defendants threatened these

people with arrest.

174.   Meanwhile, while standing outside of the residence and allowing Plaintiff to be abused inside the COUNTY OF NASSAU Defendants took no action of their own to assist Plaintiff BIRD.

175.   Had The COUNTY OF NASSAU Defendants at least allowed Plaintiff BIRD's family to enter the residence, Plaintiff BIRD may have been saved.

176.   Had the COUNTY OF NASSAU Defendants responded to the scene in a reasonable manner, in light of their knowledge of the danger faced by Plaintiff BIRD, Plaintiff BIRD would have been saved.

177.   Had the COUNTY OF NASSAU Defendants immediately entered the residence upon arriving to the scene in a reasonable manner, in light of their knowledge of the danger faced by Plaintiff BIRD, Plaintiff BIRD would have been saved.

178.   By intentionally refusing to act in the face of known danger to Plaintiff BIRD, The COUNTY OF NASSAU Defendants facilitated and allowed Defendant VALDEZ-CRUZ to continue to harm, harass, menace, attack, brutalize, beat, torture, mutilate and eventually murder Plaintiff BIRD as the Police stood outside.

179.   By intentionally refusing to act in the face of known danger to Plaintiff BIRD, The COUNTY OF NASSAU Defendants created and/or exacerbated the dangerous situation that allowed Defendant VALDEZ-CRUZ to continue to harm, harass, mutilate, menace, attack, brutalize, beat, torture and eventually murder Plaintiff BIRD as the Police stood outside.

180.   Furthermore, COUNTY OF NASSAU Defendants (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) disregarded the family's pleas and continued to stand idle in front of Plaintiff BIRD's residence while callously making jokes and laughing about the situation that was occurring.

181.   SHARON DORSETT and other members of Plaintiff's family continually begged the Police Officers to bust down the door and save Plaintiff from Defendant VALDEZ-CRUZ. However,

The COUNTY OF NASSAU Police Defendants showed a clear lack of concern.

182. Instead, they stood outside of the home, continued to find humor in the situation, and continued talking and laughing. One of the Defendant Officers callously stated "It's the Pito thing again" during the officers' exchanges of pleasantries outside of Plaintiff BIRD's home.

183. All the while, Plaintiff BIRD was merely a few feet away being held hostage, brutally beaten, and being fatally stabbed multiple times by LEONARDO VALDEZ-CRUZ. Defendant VALDEZ-CRUZ's abuse of Plaintiff BIRD continued for **hours** while the COUNTY OF NASSAU Defendants (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) stood outside.

184. According to Police accounts, the initial 911 call was made to the COUNTY OF NASSAU Defendants in ample time to save JO'ANNA BIRD, however, the COUNTY OF NASSAU Defendants (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) did not enter Plaintiff's residence until after she had been brutalized, tortured and stabbed.

185. That afternoon, while the Police were standing outside of Plaintiff's residence, Defendant VALDEZ-CRUZ exclaimed, while talking on a cell phone, in sum and substance, that "I told you what I was going to do. I told you I was going to Kill Joanna and that's what I did. Joanna's dead and the body is in the house."

186. It was only at that time, after hearing VALDEZ-CRUZ report that Plaintiff BIRD was dead, that the COUNTY OF NASSAU Police Defendants then broke down the door and went into the house.

187. At that time, the Police found Plaintiff BIRD on the step within the home, bleeding profusely with severe injuries and cuts to her trachea, face, throat, neck, torso, and major arteries. The Police had unilaterally determined, without medical consultation, that Plaintiff BIRD was already dead, as Defendant "Pito" VALDEZ-CRUZ had reported, and sent away the Ambulance.

188. At that time, Defendant VALDEZ-CRUZ was not in the house and had escaped through the rear of the house during the three (3) hours that the Police stood out in the front of the

house.

189. The COUNTY OF NASSAU Defendants unreasonably allowed Defendant VALDEZ-CRUZ to escape by failing to properly guard the entrances and exits to the home.

190. Upon information and belief, the fatal injury that caused the death of Plaintiff BIRD was inflicted by Defendant VALDEZ-CRUZ at approximately 12:40 p.m. - after the COUNTY OF NASSAU Police Defendants received the *first* 911 emergency call from Plaintiff's family.

191. Upon information and belief, the fatal injury that caused the death of Plaintiff BIRD was inflicted by Defendant VALDEZ-CRUZ at approximately 12:40 p.m. - after the COUNTY OF NASSAU Police Defendants received the *second* 911 emergency call from Plaintiff's family.

192. Upon information and belief, the fatal injury that caused the death of Plaintiff BIRD was inflicted by Defendant VALDEZ-CRUZ at approximately 12:40 p.m. - long after the COUNTY OF NASSAU Police Defendants first arrived at the residence of Plaintiff BIRD and began standing around in the front of said residence.

193. In addition, upon information and belief, an available medical report indicated that Plaintiff BIRD expired while "in the ambulance" - as opposed to inside her home. In either event, the Police Defendants herein clearly had opportunity, knowledge, reason, and cause to prevent the murder of Plaintiff BIRD but refused to do so.

194. During such time, Plaintiff BIRD was being murdered inside her home due to the intentional failure and refusal of the COUNTY OF NASSAU Defendants (including Detective ROBERT ARIOLA, and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) to act in a proper, acceptable and reasonable manner in light of the circumstances.

195. The COUNTY OF NASSAU Defendants (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentionally, negligently and callously ignored their own duties to assist Plaintiff BIRD pursuant to established rules and regulations of the County Of Nassau Police Department.

32

196.    The COUNTY OF NASSAU Defendants (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentionally, negligently and callously ignored their own duties to assist Plaintiff BIRD pursuant to established laws of the State Of New York.

197.    The COUNTY OF NASSAU Defendants (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentionally, negligently and callously ignored their own duties to assist Plaintiff BIRD pursuant to the New York State Criminal Procedure Law and Penal Codes.

198.    The COUNTY OF NASSAU Defendants (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentionally ignored their own duties to assist Plaintiff BIRD pursuant to the Family Court Act Of The State Of New York.

199.    Plaintiff BIRD was caused irreparable harm (including death) due to The COUNTY OF NASSAU Defendants (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) gross, negligent, intentional, and unreasonable disregard for the safety of Plaintiff BIRD.

200.    Plaintiff BIRD was caused irreparable harm (including death) due to The COUNTY OF NASSAU Defendants (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) affirmative actions (as described above) which allowed and facilitated the criminal actions of Defendant VALDEZ-CRUZ.

201.    Plaintiff BIRD was caused irreparable harm (including death) due to The COUNTY OF NASSAU Defendants (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentional affirmative actions, which caused Plaintiff BIRD to rely upon their explicit and implicit promises to assist her and protect her from Defendant VALDEZ-CRUZ.

202.    In addition to the fact that Plaintiff BIRD was just killed in her own home while the Police stood outside, making jokes just a few feet away, upon discovering the body of Plaintiff BIRD, one of the female NASSAU COUNTY POLICE DEPARTMENT POLICE OFFICERS callously told the family of JO'ANNA BIRD that "[*t]his is what happens when you don't show up in court, you wind up dead.*"

203.   Further, instead of providing JO'ANNA BIRD with the necessary medical attention at that time, the COUNTY OF NASSAU,  NASSAU COUNTY POLICE DEPARTMENT OFFICERS, transported JO'ANNA BIRD from inside the residence to the front lawn of the residence and then back into the residence, without providing any medical attention.

204.   Upon information and belief, Plaintiff BIRD may have been saved but for these actions, which delayed and/or prevented Plaintiff BIRD for receiving timely and appropriate medical care.

205.   JO'ANNA BIRD was denied adequate, proper and timely police protection, proper and timely medical treatment, subjected to cruel and inhuman conditions, was forced to endure pain and suffering, was forced to suffer summary punishment, was ignored as to real and immediate complaints as to her health and safety, was denied access to medical personnel, was subjected to improper treatment and diagnosis and made to suffer other injuries including death at the hands of the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, their agents, employees, servants and assigns  (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10).

206.   As a result of the COUNTY OF NASSAU , NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents', employees', servants' and assigns' (including Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10), failure(s) to act and breaches of affirmative duties, JO'ANNA BIRD bled to death and expired on March 19, 2009.

207.   Defendant Valdez-Cruz was later found at a location in New York City and was arrested for the Murder of Plaintiff BIRD.

208.   Defendant Valdez-Cruz was indicted and formally charged, *inter alia*, with the murder of Plaintiff BIRD in the County Court, County Of Nassau, State Of New York, in the matter of *People v. Leonardo Valdez-Cruz*, under indictment number 1080N-2009.

34

209. Upon information and belief, as of the date of this Complaint, Defendant VALDEZ-CRUZ's criminal case related to the murder of Plaintiff BIRD *(People v. Leonardo Valdez-Cruz,* under indictment number 1080N-2009) is currently pending in the Nassau County Court.

**AS AND FOR A FIRST COUNT**
*(As And Against The Individual County Defendants Collectively)*
**42 U.S.C. § 1983**

210. The plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 209 of this complaint with the same force and effect as though fully set forth herein.

211. Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10 are each individually and collectively liable for the above-described violations of Plaintiffs' federally secured and state-law mandated rights, immunities, and privileges.

212. Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, while acting under color of law, each individually and/or collectively failed AND intentionally refused to adhere to their duties, as law enforcement agents, to obey and enforce court-mandated order of protection that was issued for the benefit of Victims Plaintiff BIRD, her minor children Plaintiffs, and her immediate family, including her mother and Plaintiff, SHARON DORSETT.

213. Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, while acting under color of law, each individually

and/or collectively failed AND intentionally refused to adhere to their duties, as law enforcement agents, to enforce the laws of the State of New York as they related to the protection of Victims Plaintiff BIRD, her minor children Plaintiffs, and her immediate family, including her mother and Plaintiff, SHARON DORSETT.

214.    Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, while acting under color of law, each individually and/or collectively failed AND intentionally refused to adhere to their duties, as law enforcement agents, to enforce the mandates of the Family Court Act as they related to the protection of Victims Plaintiff BIRD, her minor children Plaintiffs, and her immediate family, including her mother and Plaintiff, SHARON DORSETT.

215.    Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, while acting under color of law, each individually and/or collectively failed AND intentionally refused to adhere to their duties, as law enforcement agents, to enforce the mandates of the Criminal Procedure and Penal Laws of the State Of New York as they related to the protection of Victims Plaintiff BIRD, her minor children Plaintiffs, and her immediate family, including her mother and Plaintiff, SHARON DORSETT.

216.    Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, while acting under color of law, each individually and/or collectively failed AND intentionally refused to adhere to their duties, as police officers, employees, representatives, and agents of the COUNTY OF NASSAU, to obey the mandates of their

own rules, regulations, procedures, and requirements as enumerated in the rules of the NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU.

217.   Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, while acting under color of law, each individually and/or collectively failed AND intentionally refused to adhere to their duties, as law enforcement agents, to enforce the orders, rulings, holdings, judgments, opinions, and procedures of various criminal court and family court judges as they related to the protection of Victims Plaintiff BIRD, her minor children Plaintiffs, and her immediate family, including her mother and Plaintiff, SHARON DORSETT.

218.   Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, while acting under color of law, each individually and/or collectively actively conspired to disobey standing court orders, court rulings, judgments, orders of protection, and procedures - to the detriment of Plaintiffs.

219.   Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, are each individually and collectively liable for actively conspiring to deprive Plaintiffs of their rights, immunities and protections under the law.

220.   Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, are each individually and collectively liable for actively

conspiring to deprive Plaintiffs of their rights to procedural due process - on numerous occasions.

221.    Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, are each individually and collectively liable for actively conspiring to deprive Plaintiffs of their rights to substantive due process - on numerous occasions - including but not limited to Plaintiffs collective rights to bodily integrity, life, parental care, familial relationships/decisions, access to the courts, right to property and quiet enjoyment of property, court-ordered mandates, and uninhibited benefits of the law.

222.    Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, are each individually and collectively liable for actively conspiring to systematically, and pursuant to pattern and practice, disobey the law as it pertained to the protection of Plaintiffs herein, and others, from harm.

223.    Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, are each individually and collectively liable for actively conspiring to cause direct harm to Plaintiffs in allowing Defendant VALDEZ-CRUZ to blatantly disobey the law in the presence of law enforcement - to the direct and immediate detriment of Plaintiffs.

224.    Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, are each individually and collectively liable for

allowing and actively assisting Defendant VALDEZ-CRUZ in blatantly violating the law, abusing Plaintiffs, harassing Plaintiffs, causing terror to Plaintiffs, destroying Plaintiffs' property, burglarizing Plaintiffs' home on numerous occasions, trespassing upon Plaintiffs' property on numerous occasions, causing bodily harm to Plaintiffs, causing the murder of Plaintiff JO'ANNA BIRD, in the presence of law enforcement - to the direct and immediate detriment of Collective Plaintiffs.

225. Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, are each individually and collectively liable for directly and actively conspiring with Defendant VALDEZ-CRUZ to cause harm to Plaintiffs.

226. Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, each individually and collectively owed affirmative duties to Plaintiff to protect Plaintiff from ALL contact and harassment with Defendant VALDEZ-CRUZ and/or to enforce various orders of protection that existed against Defendant VALDEZ-CRUZ.

227. Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, each individually and collectively owed affirmative duties to Plaintiff to protect Plaintiff from ALL contact and harassment with Defendant VALDEZ-CRUZ - as per court order(s).

228. Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective

ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, each individually and collectively breached their duties to the direct detriment of Plaintiffs.

229.    The wrongful acts against Plaintiffs by the defendant COUNTY OF NASSAU, its agent, employees and servants Defendants (including Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were committed under color of law, customs, and statutes of the State of New York - along with Defendant VALDEZ-CRUZ, who assisted and/or was assisted by, COUNTY Defendants under the color of law to deprive Plaintiffs of their various constitutional rights.

230.    Under color of law, the Collective NASSAU COUNTY Defendants, their agents, employees, police officers, officials, and servants created, harbored, advanced, supported, and facilitated dangerous, abusive, and deadly circumstances and situations for Plaintiffs - with whom COUNTY OF NASSAU Defendants had a special relationship.

231.    Such actions of the individual and collective COUNTY Defendants were grossly negligent, reckless, intentional, unreasonable, and unauthorized, as a matter of law.

232.    As a direct consequence of Collective Defendants' wrongful actions, negligent behavior, and violation of State and Federal laws, Plaintiffs subjected to great physical, mental, and emotional harm; were subject to prolonged cruel and unusual punishment; were made to suffer great pain and suffering; were subjected to great fear, terror, personal humiliation and degradation; and suffered a senseless and preventable loss of the life of Plaintiff JO'ANNA BIRD.

233.    Plaintiffs continue to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

234.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of TWENTY MILLION DOLLARS ($20,000,000.00).

## AS AND FOR A SECOND COUNT
## 42 U.S.C. § 1983
## Municipal Liability
*(As And Against County Defendants)*

235.    The plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 234 of this Complaint with the same force and effect as though fully set forth herein.

236.    In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiffs, the Defendants acted unreasonably, recklessly, and grossly negligent in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiffs.  Said rights are guaranteed to the Plaintiffs by 42 U.S.C. §§ 1983; by the Fourteenth Amendment of the Constitution, and the Constitution of the State Of New York.

237.    In the case of Plaintiffs herein, the COUNTY OF NASSAU has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of unjustified, unreasonable and illegal abuses, and breaches of well-established duties, toward and against Plaintiffs.

238.    In the case of Plaintiffs herein, the COUNTY OF NASSAU has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of disobeying the rulings of the courts, disobeying orders of protection, disobeying the rules and procedures of the County Of Nassau, disobeying the rules and procedures of the County Of Nassau Police Department, disobeying the Family Court Act, disobeying the Penal Law and the Criminal Procedure Law of New York State.

239.    In the case of Plaintiffs herein, the COUNTY OF NASSAU has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of assisting a known criminal, Defendant VALDEZ-CRUZ, in violating the rulings of the courts, violating orders of protection, violating the rules and procedures of the County Of Nassau, violating the rules and procedures of the County Of Nassau Police Department, violating the Family Court Act, violating the Penal Law and the Criminal Procedure Law of New York State.

41

240.   In the case of Plaintiffs herein, the COUNTY OF NASSAU has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of assisting a known criminal, Defendant VALDEZ-CRUZ, in causing ongoing terror and abusive environment upon Plaintiffs.

241.   In the case of Plaintiffs herein, the COUNTY OF NASSAU has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of assisting a known criminal, Defendant VALDEZ-CRUZ, in causing ongoing terror and abuse toward Plaintiffs.

242.   In the case of Plaintiffs herein, the COUNTY OF NASSAU through their own actions tolerated, created, and encouraged an ongoing, systematic, cultural pattern and/or practice of causing and affirmatively allowing ongoing terror and abuse toward Plaintiffs - with their complete knowledge of same.

243.   The COUNTY OF NASSAU has permitted, tolerated and encouraged an ongoing, systematic, cultural pattern and/or practice of assisting a known criminal, Defendant VALDEZ-CRUZ, in causing ongoing terror, abuse, emotional harm, physical harm, and damage to the property, rights, and individual property rights of each Plaintiff.

244.   Upon information and belief, the COUNTY OF NASSAU, through it agents employed within the NASSAU COUNTY POLICE DEPARTMENT, and NASSAU COUNTY DISTRICT ATTORNEY"S OFFICE allows an unreasonable, systematic and continuous practice of violating, disobeying, and/or SELECTIVELY ENFORCING court orders of protection, court orders, and the laws of the State Of New York to the detriment of it citizens (such as Plaintiffs herein) - as alleged in the above paragraphs of this Complaint.

245.   The COUNTY OF NASSAU has permitted, tolerated and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of catering to the desires of known criminals and/or others of ill-will, such as Defendant VALDEZ-CRUZ herein, to cause terror and abuse toward victims (such as Plaintiff herein).

42

246.    The COUNTY OF NASSAU has permitted, tolerated and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of allowing individuals to commit acts of violence, and abuse against innocent persons, with whom the COUNTY Defendants owe a special duty/relationship, in the COUNTY OF NASSAU Defendants' presence - to the detriment of such innocent persons (such as Plaintiff herein).

247.    The COUNTY OF NASSAU has permitted, tolerated and encouraged an unreasonable and ongoing, systematic, cultural pattern and/or practice of selectively refusing to follow its own established rules, regulations, and procedures - tot he detriment of innocent persons (such as Plaintiffs).

248.    Upon information and belief, the policy-makers and their subordinates in the chain-of-command within the COUNTY OF NASSAU, COUNTY OF NASSAU POLICE DEPARTMENT, AND COUNTY OF NASSAU DISTRICT ATTORNEY'S OFFICE have knowledge and notice of the above-describe systematic violations, and have the power, authority, and direct ability to prevent said violations.

249.    Upon information and belief, the policy-makers and their subordinates in the chain-of-command within the COUNTY OF NASSAU, COUNTY OF NASSAU POLICE DEPARTMENT, AND COUNTY OF NASSAU DISTRICT ATTORNEY'S OFFICE (including Defendants herein), with knowledge of these violations and selective enforcements, intentionally allows same to continue.

250.    Although such police conduct is improper, said incidents are systematically covered-p by the COUNTY, its agents, employees and servants by official claims that the officers' actions (and/or lack thereof) are justified and proper, or by leveling false and unreasonable allegations against innocent persons (such as Plaintiff BIRD herein), so as to insulate the offending County agents, officers and other officials.

251.    Said actions have been fully backed by the COUNTY OF NASSAU, which has repeatedly and  unreasonably sided with the abuse of persons so effected in nearly all cases, despite

43

vast evidence of wrongdoing by its officers against its citizens, particularly in minority communities, including Plaintiffs herein.

252.    Defendant COUNTY OF NASSAU has repeatedly and continuously engaged in, and/or allowed is police officers such as Defendants Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10 to knowingly and willingly disobey court orders/mandates, file false reports, fail to report, file false criminal complaints, false allegations of criminal and noncriminal wrongdoing, and false charges against innocent individuals - with immunity.

253.    As a direct result of the COUNTY OF NASSAU's above-stated systematic policies and practices, the COUNTY OF NASSAU has been subjected to many federal and state Complaints and lawsuits alleging that Police officers routinely files false reports, fails to report, fails to adhere to their official duties, selectively enforces the rule off law, selectively enforces its own policies, selectively proscribes to the laws of the State of New York - to the detriment of innocent persons in violation of section 1983.

254.    Additionally, the COUNTY OF NASSAU has systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

255.    The COUNTY's continual refusal to train, supervise, instruct, discipline, and assure that the repeated abuses of it police officers (including writing true and accurate reports, perjury, falsely charging individuals, establishing probable cause, proper arrest procedures, and excessive force) was properly addressed constituted deliberate indifference to the rights, safety, and dignities secured by the public at large (including Plaintiffs herein).

256.    Upon information and belief, specific systemic flaws in the COUNTY OF NASSAU'S misconduct review process include but are not limited to the following:

      a.  Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

44

b.  Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c.  Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

d.  Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

f.  hastily accepting the polices' above- as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

257.    Said cover-ups by the defendant, COUNTY OF NASSAU, was executed in this case, where the Defendant COUNTY, its agents, employees and servants failed to sufficiently investigate the truthfulness and/or accuracy of the Defendant Officer's, statements and instead acted under color of statute to knowingly, recklessly and/or with gross negligence violate the rights of Plaintiffs.

258.    By permitting and assisting such a pattern of police misconduct, the Defendant, COUNTY OF NASSAU acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiffs' Constitutional rights; to wit the defendants Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10  were each encouraged by the COUNTY OF NASSAU POLICE DEPARTMENT, to believe that their actions against and toward the Plaintiffs would be accepted with immunity.

259.    As a direct and obvious consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer[ed] from emotional anguish, special damages, legal fees/costs/expenses, prolonged cruel and unusual punishment; medical costs, physical injuries, depression, sleeplessness, fear, heart-ache, anxiety, loss of life, loss of liberty, loss of freedom, loss

45

of parental care, loss of consortium, related emotional distress and other permanent injuries.

260.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of TWENTY MILLION DOLLARS ($20,000,000.00).

### AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 Conspiracy
*(As And Against County Defendants Individually and Collectively And Defendant Valdez-Cruz)*

261.    The plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs 1 through 260 of this complaint with the same force and effect as though fully set forth herein.

262.    Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, each acting under color of law, and Individual Defendant LEONARDO VALDEZ-CRUZ (also acting pursuant to expressed and implied permission of law enforcement) expressly and implicitly conspired to deprive Plaintiffs of their right to protection under the law, parental rights, right to access to the court, right to bodily integrity, right to be free from official and/or privately-sponsored violence, right to be free of harassment and abuse, and right to benefit of standing orders of protection rights, and jointly caused such deprivation of rights by acting in concert to unlawfully stop, falsely detain, unlawfully accuse, wrongfully arrest and falsely imprison the Plaintiff.

263.    Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10,each acting under color of law, and Individual Defendant LEONARDO VALDEZ-CRUZ (also acting pursuant to expressed and implied permission of law enforcement) expressly and implicitly conspired to further deprive the Plaintiffs of their rights to due process specifically by conspiring and agreeing to condone court orders/mandates - to

Plaintiffs' unlawful detainment

264.   Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, OFFICE OF THE NASSAU COUNTY DISTRICT ATTORNEY, Detective ROBERT ARIOLA,  District Attorney JOHN AND JANE DOES 1 - 10,  Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10, each acting under color of law, and Individual Defendant LEONARDO VALDEZ-CRUZ (also acting pursuant to expressed and implied permission of law enforcement) further agreed to deny Plaintiffs' Constitutional rights via a conspiracy to cover the misconduct of said officers, officials and VALDEZ-CRUZ.

265.   As a direct and obvious consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer[ed] from emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, depression, sleeplessness, fear, heart-ache, anxiety, loss of life, loss of liberty, loss of freedom, prolonged cruel and unusual punishment; loss of parental care, loss of consortium, related emotional distress and other permanent injuries.

266.   That by reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

**AS AND FOR A FOURTH COUNT**
**NEGLIGENCE / GROSS NEGLIGENCE**
*(As And Against County Defendants)*

267.   The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 266 of this Complaint with the same force and effect as though fully set forth herein.

268.   The NASSAU COUNTY Defendants (including Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) had affirmative duties to prevent, arrest, and/or prosecute Defendant VALDEZ-CRUZ for violation the order of protection pursuant to the rules, regulations,

47

laws, and procedures of the COUNTY OF NASSAU and COUNTY OF NASSAU POLICE DEPARTMENT.

269.    The NASSAU COUNTY Defendants (including Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) had affirmative duties to prevent, arrest, and/or prosecute Defendant VALDEZ-CRUZ for violation the order of protection Pursuant to the Family Court Act.

270.    The NASSAU COUNTY Police Defendants (including Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) had affirmative duties to prevent, arrest, and/or prosecute Defendant VALDEZ-CRUZ for violations the order of protection Pursuant to the Criminal Procedure Law of the State of New York.

271.    The NASSAU COUNTY Police Defendants (including Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) had affirmative duties to prevent, arrest, and/or prosecute Defendant VALDEZ-CRUZ when they each personally observed, learned, and/or were notified by Plaintiffs of Defendant VALDEZ-CRUZ's violations of the order of protection.

272.    The NASSAU COUNTY Police Defendants (including Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) had affirmative duties to prevent, arrest, and/or prosecute Defendant VALDEZ-CRUZ pursuant to a special relationship had with Plaintiffs to enforce order of protections that were issued for Plaintiffs' benefits.

273.    The NASSAU COUNTY Police Defendants (including Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) had affirmative duties to prevent crimes that were taking place against citizens in their presence.

274.    The NASSAU COUNTY Police Defendants (including Detective ROBERT ARIOLA, District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) had affirmative duties to refrain from assisting private individuals (Defendant VALDEZ-CRUZ) from inflicting violence and unlawful harm upon other innocent private citizens (such as Plaintiffs herein) and to refrain from facilitating such acts of violence against citizens.

275.    Collective Defendants breached their respective and collective duties of care to Plaintiffs as outlined in the paragraphs above.

276.    Collective Defendants each acted unreasonably. Further, in the events wherein the Defendants failed to act, such failures were unreasonable.

277.    Collective Defendants actions and failures to act were unreasonable, extreme, outrageous, and exhibited a voluntary and callous disregard for the rights, safety and well-being of Plaintiffs.

278.    It was foreseeable, and almost predictable that Plaintiffs would suffer emotional harm, emotional injuries, physical harm and abuse, violations to property, violations of property rights, infringements upon rights and privileges to the protection of the law, death or serious physical injuries, loss of liberty, loss of parental care and consortium, and other serious injuries as a result of their ongoing wrongful actions.

279.    Nevertheless, Defendants disregarded these foreseeable harms to Plaintiff with a high degree of recklessness, gross negligence, intention, and callousness - to the detriment of Plaintiffs who were directly caused to suffer from said injuries as a result.

280.    As a direct and obvious consequence of the defendants' negligence and reckless disregard, Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer from emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, depression, sleeplessness, fear, heart-ache, anxiety, loss of life, loss of liberty, loss of freedom, prolonged cruel and unusual punishment; loss

of parental care, loss of consortium, related emotional distress and other permanent injuries.

281.   By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

**AS AND FOR THE FIFTH CAUSE OF ACTION**
**VICARIOUS LIABILITY and/or RESPONDEAT SUPERIOR**
*(As And Against County Defendants)*

282.   The Plaintiffs repeat, reiterate and realleges each and every allegation contained in paragraphs 1 through 281 of this Complaint with the same force and effect as though fully set forth herein.

283.   Plaintiff incorporates by reference, the duties outlined in the FOURTH CAUSE OF ACTION ABOVE and repeats that the COUNTY OF NASSAU DEFENDANTS owed such duties to Plaintiffs.

284.   Plaintiff incorporates by reference, the COUNTY Defendants' breaches of their duties as outlined in the FOURTH CAUSE OF ACTION ABOVE and repeats that the COUNTY OF NASSAU DEFENDANTS did in fact breach their duties with respect to Plaintiffs.

285.   By actively inflicting and failing to prevent the above stated abuses incurred by Plaintiffs, the Collective COUNTY OF NASSAU Defendants, all acted unreasonably, recklessly, and with gross negligence in failing to exercise the slightest amount of due care.

286.   In failing to reprimand, properly hire, train, supervise, and/or reprimand  its agents, acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to protect others (such as Plaintiff) from foreseeable harm the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, AND NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE effectively ratified the negligent, intentional and reckless acts of its police officers and agents.

287.   The breach of duty by COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, AND NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE was a direct and

50

proximate cause of the harm suffered by Plaintiffs.

288.   As a direct and obvious consequence of the defendants' negligence and reckless disregard, Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer from emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, depression, sleeplessness, fear, heart-ache, anxiety, loss of life, loss of liberty, loss of freedom, loss of parental care, prolonged cruel and unusual punishment, loss of consortium, related emotional distress and other permanent injuries.

289.   For the above reasons, Defendant, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, AND NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE , is therefore vicariously liable for all of the intentional, negligent, and reckless acts of its agents and employees.

290.   By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

**AS AND FOR THE SIXTH CAUSE OF ACTION**
**ABUSE OF PROCESS**
*(As And Against County Defendants)*

291.   The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 290 of this Complaint with the same force and effect as though fully set forth herein.

292.   The Defendants COUNTY OF NASSAU , NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents', employees', servants' and assigns' (including District Attorney JOHN AND JANE DOES 1 - 10 and  Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentionally, recklessly and maliciously filed and/or cause to be filed, criminal actions  against Defendant VALDEZ-CRUZ (on only some occasions) - as a matter of course - not with the intention to enforce or see  the criminal process to completion.

293.    The Defendants COUNTY OF NASSAU , NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents', employees', servants' and assigns' (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentionally, recklessly and maliciously filed and/or cause to be filed, criminal actions against Defendant VALDEZ-CRUZ (on only some occasions) and did not intend to obey and/or respect the outcome of said processes (including not intending to enforce any Orders that resulted therefrom).

294.    Said criminal complaints against Defendant VALDEZ-CRUZ were made by the aforementioned COUNTY Defendants with knowledge that any outcome of said complaints would not be enforced and/or would be selectively disobeyed - to the detriment of Plaintiffs and to the benefit of DEFENDANT VALDEZ-CRUZ.

295.    The Defendants COUNTY OF NASSAU , NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents', employees', servants' and assigns' (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) could have acted if they engaged in minimal investigation and/or a simple rudimentary research, which was available to Defendants at all time relevant to this Complaint. However COUNTY Defendant never had the intention to act (or intended to act selectively) in response to the criminal processes initiated by them.

296.    The Defendants COUNTY OF NASSAU , NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents, employees, servants and assigns (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentionally, recklessly and maliciously filed and/or cause to be filed, criminal actions against Defendant VALDEZ-CRUZ (on only some occasions) and possessed an ulterior purpose/motive to protect the abuser, perpetrator, assailant, and law-breaker, Defendant VALDEZ-CRUZ - with whom they had an ongoing personal,

52

business, and informant relationship.

297.    At no time did any of the Defendants initiate or continue the prosecution of Defendant VALDEZ-CRUZ with good-faith intent.

298.    The Collective COUNTY Defendants did not support the criminal process against Defendant VALDEZ-CRUZ. Instead, they intentionally hindered and prevented the criminal/family court processes against Defendant VALDEZ-CRUZ, while acting contrary and against the rights of Plaintiffs, including refusing to protect Plaintiffs pursuant to court-issued orders of protection.

299.    The issuance of Said order(s) of protection was also a process initiated and advanced by COUNTY Defendants, and/or were issued as a result of the criminal/family court processes initiated by COUNTY Defendants. Yet COUNTY Defendants never intended to adhere to or enforce said orders of protection.

300.    The Defendants COUNTY OF NASSAU , NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents', employees', servants' and assigns' (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentionally, recklessly and maliciously  used the criminal justice system and criminal justice process to cause harm to Plaintiff without proper motive, excuse or justification of any kind.

301.    The Defendants COUNTY OF NASSAU's , NASSAU COUNTY POLICE DEPARTMENT's, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE's, their agents', employees', servants' and assigns' (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiffs solely for a purpose that was/is outside the legitimate ends of the process. At no time did Collective COUNTY Defendants initiate or continue the criminal prosecutions of Defendant VALDEZ-CRUZ with the intent to achieve the actual purpose of the criminal justice system/penal law of the State Of New York. At all times, the motives of the

Collective Defendants were outside the scope and purpose of the prosecutorial and law enforcement processes they utilized.

302.    The Defendants COUNTY OF NASSAU's , NASSAU COUNTY POLICE DEPARTMENT's, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE's, their agents', employees', servants' and assigns'  (including District Attorney JOHN AND JANE DOES 1 - 10 and  Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) clear intentions were to cause harm to Plaintiffs without proper motive, excuse, or justification of any kind.

303.    As a direct and obvious consequence of the defendants' negligence and reckless disregard, Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer from emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, depression, sleeplessness, fear, heart-ache, anxiety, loss of life, loss of liberty, loss of freedom, prolonged cruel and unusual punishment, loss of parental care, loss of consortium, related emotional distress and other monetary  injuries - including special damages, legal fees/costs,  and medical bills/fees/costs.

304.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).


### AS AND FOR THE SEVENTH CAUSE OF ACTION
### WRONGFUL DEATH
*(As And Against All Defendants Individually and Collectively)*

305.    The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 304 of this Complaint with the same force and effect as though fully set forth herein.

306.    Plaintiff incorporates by reference, the actions (or lack thereof) of Collective Defendants which constituted breach of duties, negligence, gross negligence, recklessness, intentional disregard, callous disregard for the life and well-being of Plaintiffs, and violations of Plaintiffs' various-secured rights.

54

307.     The Collective Defendants' actions, or lack of action, directly lead to, and/or was a substantial factor in causing, the death, murder, and extreme physical harm suffered by Plaintiff JO'ANNA BIRD.

308.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of TWENTY million ($20,000,000.00) dollars.

## AS AND FOR THE EIGHT CAUSE OF ACTION
## LOSS OF CONSORTIUM AND PARENTAL CARE
*(As And Against All Defendants Individually and Collectively)*

309.     The Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 308 of this Complaint with the same force and effect as though fully set forth herein.

310.     Plaintiff JO'ANNA BIRD is the mother of two minor children, Minor Plaintiffs LEONARDO A. VALDEZ, JR. and JOANNA LATINA BIRD.

311.     At all times relevant to the Complaint, Plaintiff BIRD maintained custody and care of her two minor children/Plaintiffs LEONARDO A. VALDEZ, JR. and JOANNA LATINA BIRD and provided resources to said children as their mother and legal guardian.

312.     At all times relevant to the Complaint, Plaintiff BIRD maintained custody and care of her two minor children/Plaintiffs LEONARDO A. VALDEZ, JR. and JOANNA LATINA BIRD and provided emotional, physical, and all other parental support for these children.

313.     At all times relevant to the Complaint, Plaintiff BIRD maintained custody and care of her two minor children/Plaintiffs LEONARDO A. VALDEZ, JR. and JOANNA LATINA BIRD who resided with Plaintiff and each entirely relied upon, and benefitted from her care.

314.     As a result of the actions of the Collective Defendants, Plaintiff BIRD was prevented and/or hindered from caring for and providing support to her children at all times relevant to the Complaint.

315.     As a result of the actions of the Collective Defendants, Plaintiff BIRD is prevented from caring for and/or providing support to her children, and her children as thus prevented from

receiving and benefitting from the care and support for the rest of their lives going forward.

316.    At all times, Minor Plaintiffs depended on Plaintiff JO'ANNA BIRD to take care of their needs, provide their necessities, discipline Plaintiffs, provide emotional and motherly support, and supply good and services that are necessities.

317.    Due to the callous, wanton, reckless, negligent, grossly-negligent, careless, and wrongful actions of the Collective Defendants herein, Minor Plaintiffs have been effectively denied, deprived, and prevented from receiving the above-described care from Plaintiff JO'ANNA BIRD.

318.    That by reason of the foregoing, Plaintiffs have been damaged in the sum of TWENTY million ($20,000,000.00) dollars.

### AS AND FOR THE NINTH CAUSE OF ACTION
### ASSAULT AND BATTERY
*(As And Against Defendant Valdez-Cruz)*

319.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 318 of this Complaint with the same force and effect as though fully set forth herein.

320.    Defendant VALDEZ-CRUZ, threatened Plaintiff BIRD with physical abuse/ harm, and/or in otherwise menaced Plaintiff with verbal and physical threats of harmful and or offensive contact.

321.    In addition, Defendant, VALDEZ-CRUZ, violently subjected Plaintiff JO'ANNA BIRD to forcible touching, harassing letters and phone calls, numerous violations of standing orders of protection, physical abuse, verbal abuse, burglaries, kidnaping - among other things.

322.    Defendant made clear and effectuated his true intent to place Plaintiff, BIRD in apprehension of imminent harmful or offensive contact, which was indeed carried out when The Defendant beat, punched, attacked, restrained, imprisoned, kidnaped, murdered, and mentally abused Plaintiff BIRD without justifiable excuse or cause.

323.    Defendant VALDEZ-CRUZ wrongfully used physical force upon Plaintiff without

permission or authority at any time.  Said actions were intentional and aimed at placing Plaintiff BIRD in fear of injury discomfort, humiliation and pain.

324.    Plaintiffs were deprived of their freedom and physically and emotionally harmed, to the extent of which they each now suffer from emotional anguish, special damages, legal fees/costs/expenses, medical costs, physical injuries, depression, sleeplessness, fear, heart-ache, anxiety, loss of life, loss of liberty, loss of freedom, death, prolonged cruel and unusual punishment, loss of parental care, loss of consortium, related emotional distress and other monetary injuries - including special damages, legal fees/costs,  and medical bills/fees/costs.

325.    By reason of the foregoing, Plaintiff has been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

## AS AND FOR THE TENTH CAUSE OF ACTION
### FALSE IMPRISONMENT
*(As And Against County Defendants and Defendant Valdez-Cruz)*

326.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 325 of this Complaint with the same force and effect as though fully set forth herein.

327.    The Defendant VALDEZ-CRUZ lacked any legal or lawful basis to attack, touch, restrain, pull, punch, kidnap, accost, and injure Plaintiff, JO'ANNA BIRD.

328.    The Defendant VALDEZ-CRUZ cornered and trapped Plaintiff on numerous occasions, while Plaintiff sat frightened and helplessly.

329.    The Defendant VALDEZ-CRUZ then beat, punched, attacked, restrained, and physically and mentally abused Plaintiff JO'ANNA BIRD without justifiable excuse or cause. At all times during Defendant VALDEZ-CRUZ's physical attacks against Plaintiff BIRD, Plaintiff BIRD was not free to leave and was aware that she could not leave or escape.

330.    Defendant VALDEZ-CRUZ  wrongfully used physical force to restrain and confine Plaintiff BIRD on multiple occasions without permission, authority or privilege to do so at any time. Said actions were intentional and aimed at injuring and causing Plaintiff BIRD great discomfort,

humiliation, pain, and death.

331.   The Defendants COUNTY OF NASSAU , NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents, employees, servants and assigns (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) intentionally stood outside of Plaintiff BIRD's home on March 19, 2009 against their known duties to protect Plaintiff BIRD.

332.   At all times, The Defendants COUNTY OF NASSAU , NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents, employees, servants and assigns (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were well-aware of their ***duties*** to protect Plaintiff BIRD, and/or to prevent the violations of orders of protection issued to BIRD against Defendant VALDEZ-CRUZ.

333.   At all times on March 19, 2009, The Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents, employees, servants and assigns (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) knew the Defendant VALDEZ-CRUZ was inside Plaintiffs' residence and was hold Plaintiff BIRD against her will.

334.   At all times on March 19, 2009, The Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents, employees, servants and assigns (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) had the direct authority and actual ability to stop, cease, prevent said kidnaping and wrongful imprisonment of Plaintiff BIRD.

335.   At all times on March 19, 2009, The Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents, employees, servants and assigns (including District Attorney JOHN AND JANE DOES

1 - 10 and  Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) were readily able to prevent said wrongful imprisonment of Plaintiff BIRD and their were no impediments to COUNTY Defendants' abilities to free Plaintiff BIRD.

336.    However, The Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents, employees, servants and assigns (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) stood by and intentionally allowed Defendant VALDEZ-CRUZ to imprison Plaintiff while they callously stood by, made jokes, laughed, and actively prevented Plaintiff BIRD's family from attempting to free Plaintiff BIRD.

337.    Due to the Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, their agents, employees, servants and assigns (including District Attorney JOHN AND JANE DOES 1 - 10 and Police Officers And/Or Detectives JOHN AND JANE DOES 1 - 10) Defendant VALDEZ-CRUZ was allowed and/or enabled to continue his prolonged detention of Plaintiff BIRD for over four hours.

338.    At all times, Plaintiff BIRD was aware that the Police stood outside, had a duty to free and/or rescue her, and were refusing to do so as they did in past occurrences.

339.    At all times, Plaintiff BIRD was aware that the Police were actively allowing, and/or assisting Defendant VALDEZ-CRUZ in Plaintiff BIRD's detention and/or making it impossible for Plaintiff BIRD to escape and/or be rescued by her family who were being prevented from gaining access to the home by the Police Defendants.

340.    The COUNTY Police Defendants lacked authority to refrain from acting on behalf of Plaintiff and/or lacked the authority to willingly allow the continued detention of Plaintiff BIRD.

341.    As a result of said confinement, Plaintiff BIRD suffered torture, prolonged imprisonment, cruel and unusual punishment, loss of liberty, and death. The Collective Plaintiffs suffered, *inter alia*, torture, severe physical harm, great emotional and psychological harm, anxiety,

personal fear, and damage, loss of property, loss of enjoyment of life, special damages/fees/costs, medical bills/fee/costs.

342.     By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

**AS AND FOR THE ELEVENTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
*(As And Against County Defendants and Defendant Valdez-Cruz)*

343.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 342 of this Complaint with the same force and effect as though fully set forth herein.

344.     Plaintiff incorporates by reference all of the allegations of Defendants' grossly negligent, reckless, and intentional acts listed in the above paragraphs.

345.     On March 19, 2009, Collective Defendants subjected Collective Plaintiff BIRD to grossly-negligent actions while her family members stood close-by, in the immediate zone of danger of Defendants actions.

346.     As a result of the grossly negligent actions of COUNTY Defendants, Plaintiff BIRD was brutally and publically murdered within a few feet of her family members, including Plaintiff SHARON DORSETT.

347.     While Plaintiff BIRD was being brutally and publically murdered within a few feet of her family members, including Plaintiff SHARON DORSETT, COUNTY Defendants stood by, with authority to take action, and instead laughed and made jokes about the situation at hand.

348.     Due to COUNTY Defendant's actions, Plaintiff JO'ANNA BIRD was murdered and her exposed, deceased, bloody, and/or badly-maimed body was caused to be exposed to the public - including exposure directly to her family members, such as SHARON DORSETT.

349.     COUNTY Defendant's actions were callous, extreme, outrageous, willful, grossly negligent, and COUNTY intentionally disregarded Plaintiffs' well-being.

350.     COUNTY Defendants' grossly negligent actions was a substantial factor in causing

60

the death of Plaintiff BIRD in the presence of her family. Plaintiffs were cause to endure shock, fright, fear as they stood near in the zone of danger and watched Plaintiff BIRD's body being carelessly maimed, brutalized, disregarded and manhandled by Collective Defendants.

351.    As a result of said confinement, The Collective Plaintiffs suffered, *inter alia*, severe physical harm, great emotional and psychological harm, anxiety, personal fear, loss of enjoyment of life, special damages/fees/costs, medical bills/fee/costs.

352.    By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

**AS AND FOR THE TWELFTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
*(As And Against County Defendants and Defendant Valdez-Cruz)*

353.    The Plaintiffs repeat, reiterate, and realleges each and every allegation contained in paragraphs 1 through 352 of this Complaint with the same force and effect as though fully set forth herein.

354.    The Collective Defendants, each collectively and individually, acted extreme and outrageously for their above-stated roles in the wrongful imprisonment, punching, assaulting, manhandling, intimidation, public humiliation, repeated violations of standing orders of protection, intentional refusal to rescue Plaintiff BIRD, murder of Plaintiff BIRD, laughing and joking while Plaintiff BIRD was being murdered, and callous statements following the death of Plaintiff BIRD, among other affirmative actions.

355.    Said emotional harm was exacerbated by the sustained and prolonged intimidation, assault, cruel and unusual punishment, murder of, and intentional failure(s) to intercede and prevent the murder of Plaintiff BIRD, with the intention of causing extreme further harm and duress to the Plaintiffs.

356.    Said conduct was extreme, outrageous, callous, malicious, and dangerous to the physical, mental and emotional well-being of Plaintiffs.

357.    The Defendants, each of them, knew that their conduct would cause severe, extreme,

and permanent physical and emotional harm to Plaintiffs. Said harm did in fact occur in this case, in that Plaintiff BIRD was caused to lose her life following being brutally tortured. Remaining Plaintiffs s were injured to the point where they suffers from extreme and permanent emotional and psychological, pain, episodes of anxiety, anger, loss of sleep, and other impingements of their health and well-beings.

358.   By reason of the foregoing, Plaintiffs have been damaged in the sum of Twenty Million Dollars ($20,000,000.00).

## PUNITIVE DAMAGES ARE WARRANTED AND APPROPRIATE
### (Against All Defendants Individually, Except the Municipal Defendant County Of Nassau)

359.   That Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 358 of this Complaint with the same force and effect as though fully set forth herein.

360.   The acts of the individual Defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm Plaintiffs, without regard for Plaintiffs' well beings, and were based on a lack of concern and ill-will towards Plaintiffs.  Such acts therefore deserve an award of THIRTY Million Dollars ($30,000,000.00) as punitive damages.

**WHEREFORE,** Plaintiff demands judgment against defendants:

a. On the First Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

b.  On the Second Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

c.  On the Third Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

d.  On the Fourth Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

e.  On the Fifth Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

f.  On the Sixth Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

g.  On the Seventh Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

h.  On the Eight Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

i.  On the Ninth Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

j.  On the Tenth Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

k.  On the Eleventh Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

l.  On the Twelfth Cause of Action in the sum of Twenty Million Dollars ($20,000,000.00);

m.  Punitive damages in the amount of Thirty Million Dollars ($30,000,000.00)

n.  Declaratory Judgment that Defendants wilfully violated Plaintiffs' rights secured by federal and state law as alleged herein;

o.  Injunctive relief, requiring Defendants to correct all past violations of federal and state law as alleged herein; to enjoin Defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

p.  An order granting such other legal and equitable relief as the court deems just and proper; and

q.  Award costs and disbursements of this action including attorney's fees to the plaintiff pursuant to *42 USC* § 1988 and any and all applicable attorneys fees and costs as imposed by state-law.

### *A JURY TRIAL IS HEREBY DEMANDED.*

Dated:          March 19, 2010
                Hempstead, New York

                          Respectfully Submitted,

                          FREDERICK K. BREWINGTON (FB5295)
                          THE LAW OFFICES OF
                          FREDERICK K. BREWINGTON
                          *Attorneys for Plaintiff*
                          50 Clinton Street, Suite 501
                          Hempstead, New York 11550
                          (516) 489-6959

63