UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHARON DORSETT, individually and as the
Administratrix of the Estate of JO'ANNA BIRD,

                                  Plaintiffs,

      -   against -

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, OFFICE OF THE
NASSAU COUNTY DISTRICT ATTORNEY,
Detective ROBERT ARIOLA, in his official and
Individual capacities, Police Officers and/or
Detectives JOHN AND JANE DOES 1-10,
District Attorney JOHN AND JANE DOES 1-10,
and LEONARDO VALDEZ-CRUZ,

                                Defendants.
------------------------------------------------------------------------X

CV-10-1258 (ADS) (AKT)

CONFIDENTIALITY
ORDER

       WHEREAS, the parties to the above-captioned action (the "Action") have executed a Settlement Agreement and Release; and

       WHEREAS, said Settlement Agreement and Release is contingent upon approval by the Nassau County Legislature and "where required", the Nassau County Interim Finance Authority ("NIFA"); and

       WHEREAS, the members of the Nassau County Legislature request an opportunity to review the Nassau County Police Department's Internal Affairs Unit Report number 14-2009 pertaining to police response to domestic incidents involving Jo'Anna Bird and Leonardo Valdez-Cruz; and

       WHEREAS, by virtue of the Order of Hon. A. Kathleen Tomlinson dated January 14 2011 (DE 60), the IAU Report is subject to a protective order, pursuant to Federal Rules of Civil Procedure 26 (c), and access to the IAU Report is restricted "to the parties in this litigation." (DE 60, page 53); and

       WHEREAS, a hearing was held on December 15, 2011 in connection with the status of the Settlement Agreement.

1

NOW THEREFORE,

IT IS HEREBY ORDERED, as follows:

1. For purposes of this Order, documents and information considered to be confidential (the "Confidential Material"), regardless by whom produced, includes only the Nassau County Police Department's Internal Affairs Unit Report number 14-2009 pertaining to police response to domestic incidents involving Jo'Anna Bird and Leonardo Valdez-Cruz (the "IAU Report"), and all documents attached thereto and made a part thereof.

2. As set forth herein, Confidential Material shall be used solely for purposes of this Action and shall not be used for any other purpose without leave of the above-named Court on notice to opposing counsel.

3. Notwithstanding the parameters of the protective order (DE 60 and DE 110) the Confidential Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to members of the currently-sitting Nassau County Legislature and their in-house counsel for the sole purpose of deliberating the issue of approval of the Settlement Agreement and Release.

4. Review of the Confidential Material by members of the Nassau County Legislature and/or their in-house counsel must be conducted in the presence of a designated member(s) of the Nassau County Police Department, the Nassau County Attorney or designated Deputy County Attorney(ies).  No person given access to the Confidential Material or information contained therein shall be given possession of same, nor may they copy, duplicate, photograph, record, transcribe (or have transcribed), take notes, or in any way memorialize the contents of the Confidential Material.

5. Any conversation, discussion, deliberation, communication regarding, or mention of, the Confidential Material shall be done in Executive Session and, under no circumstances shall

same be communicated, disseminated, released, or disclosed to members of the public, the media or anyone other than duly-elected members of the Nassau County Legislature and their in-house counsel. Moreover, all Executive Sessions are to take place in a location where same cannot be overheard and shall not be recorded in any fashion. The terms of the reviewing process set forth herein are supplemented by Exhibit C, attached hereto.

6. Every person given access to the Confidential Material or information contained therein shall be advised in writing and agree in writing in the form attached hereto as Exhibits A and B, to be bound by the terms and conditions of this Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use any Confidential Material for purposes other than those permitted herein.

7. Every person given access to the Confidential Material or information contained therein shall be advised in writing and acknowledge in writing in the form attached hereto as Exhibits A and B, that disclosure of Confidential Material is a violation of New York State General Municipal Law Article 18, the New York State Civil Rights Law § 50-a, as well as the Nassau County Code of Ethics and, further acknowledges to be subject to contempt of court and/or other sanctions for non-compliance with this Order.

8. The terms and conditions of this Order shall, subject to further Court Order, govern the use of Confidential Material and shall continue to be binding throughout and after the conclusion of this Action and any appeals.

9. In the event of a breach or violation of any term or condition of this Order, the County Defendants shall have the right to seek enforcement of the terms hereof and the imposition of any other appropriate remedy including, but not limited to, sanctions and contempt.

10. If any person receiving Confidential Material is subpoenaed in any other action or proceeding or is serviced with a subpoena or document demand that seeks Confidential

Material, he shall give prompt written notice by hand within twenty-four (24) hours of receipt of such subpoena or document demand, to the other parties to this Order. Any party hereto may seek judicial relief from such subpoena or document demand. Compliance with any order directing production of any Confidential Material pursuant to the subpoena shall not constitute a violation of this Order.

11. No other aspect of the prior protective orders (DE 60 and DE 110) shall be impacted or altered by this Order.

Dated: Central Islip, New York
December 15, 2011

　　　　　　　　　　　　　　　　　　　　　　___/s/ Arthur D. Spatt_____
　　　　　　　　　　　　　　　　　　　　　　Hon. Arthur D. Spatt, U.S.D.J.

# EXHIBIT A

## ACKNOWLEDGEMENT OF CONFIDENTIALITY AGREEMENT

_____, being a duly elected member of the Nassau County Legislature in the _____ Legislative District, agrees as follows:

1. I have read the Confidentiality Order in the action entitled *Dorsett v. County of Nassau, et al.*, which bears Docket Number CV-10-1258 (ADS) (AKT).

2. I agree to be bound by the terms and conditions of the Confidentiality Order and the Protective Order issued by the Court governing the Confidential Material.

3. I agree not to disclose or use any Confidential Material for purposes other than those permitted to me under the Confidentiality Order.

4. I consent to the jurisdiction of the United States District Court, Eastern District of New York, for purposes of enforcement of the terms of the Confidentiality Order and Protective Order.

5. I understand and acknowledge that any breach or violation of the terms and conditions of the Confidentiality Order and/or Protective Order shall be deemed to have been done outside the scope of my duties and that I shall be personally liable for contempt or other sanctions and shall have no right or claim for defense or indemnification by the County of Nassau.

6. I further understand and acknowledge that any breach or violation of the terms and conditions of the Confidentiality Order and/or the Protective Order is a violation of Article 18 of the New York State General Municipal Law, Section 50-a of the New York States Civil Rights law, and of the Nassau County Board of Ethics.

Signature:

_____
Name:
Address:

Phone:

State of New York)
                    ss.:
County of Nassau )

On the _____ day of _____, in the year 2011, before me, the undersigned Notary Public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he/she executed the same, for the purposes stated therein.

                                                _____
                                                Notary Public

## EXHIBIT B

## ACKNOWLEDGEMENT OF CONFIDENTIALITY AGREEMENT

_____ being in-house counsel to _____ a duly elected member of the Nassau County Legislature in the _____ Legislative District, agrees as follows:

7. I have read the Confidentiality Order in the action entitled *Dorsett v. County of Nassau, et al.*, which bears Docket Number CV-10-1258 (ADS) (AKT).

8. I agree to be bound by the terms and conditions of the Confidentiality Order and Protective Order issued by the Court governing the Confidential Material.

9. I agree not to disclose or use any Confidential Material for purposes other than those permitted to me under the Confidentiality Order.

10. I consent to the jurisdiction of the United States District Court, Eastern District of New York, for purposes of enforcement of the terms of the Confidentiality Order and Protective Order.

11. I understand and acknowledge that any breach or violation of the terms and conditions of the Confidentiality Order and/or Protective Order shall be deemed to have been done outside the scope of my duties and that I shall be personally liable for contempt or other sanctions and shall have no right or claim for defense or indemnification by the County of Nassau.

12. I further understand and acknowledge that any breach or violation of the terms and conditions of the Confidentiality Order and/or Protective Order is a violation of Article 18 of the New York State General Municipal Law, Section 50-a of the New York State Civil Rights Law and of the Nassau County Board of Ethics.

Signature:

_____
Name:
Address:

Phone:

7

State of New York)
                ss.:
County of Nassau )

On the _____ day of _____, in the year 2011, before me, the undersigned Notary Public, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he/she executed the same, for the purposes stated therein.

                                                                       _____
                                                                       Notary Public

# EXHIBIT C

## SUPPLEMENTAL TERMS OF DISCLOSURE PURSUANT TO CONFIDENTIALITY ORDER

1. Review of the Confidential Material is to be conducted in the presence of a designated member of the Nassau County Police Department, the Nassau County Attorney or one or more of his Deputies specifically designated for same.

2. The Confidential Material shall be made available to the members of the Legislative Body and their in-house counsel on two dates and in a physical location which are to be mutually agreed-upon between the Legislature and the County Attorney's Office and Police Department, the latter needing to be in agreement if they will be supervising the reviewing process.

3. All cellphones, smartphones, computers, tablet computers, notepads, recording devices or other means capable of photographing, video recording or otherwise capturing and/or recording the contents of the Confidential Material are prohibited from the room wherein the Confidential Material is reviewed.