UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SHARON DORSETT, individually and as the
Administratrix of the Estate of JO'ANNA BIRD,

Plaintiffs,

-against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, OFFICE OF THE
NASSAU COUNTY DISTRICT ATTORNEY,
Detective ROBERT ARIOLA, in his official and
individual capacities, Police Officers And/Or
Detectives JOHN AND JANE DOES 1 – 10, District
Attorney JOHN AND JANE DOES 1 – 10, And
LEONARDO VALDEZ-CRUZ,

Defendants.

---------------------------------------------------------------X

**CV-10-1258
(ADS) (AKT)**

**DECLARATION OF
LIORA M. BEN-SOREK, ESQ.**

Liora M. Ben-Sorek, being an attorney duly admitted to practice law in the Courts of the

State of New York and in the United States District Court for the Eastern District of New York,

declares the following to be true, upon information and belief, under the penalties of perjury:

1. I am a Deputy County Attorney in the offices of Carnell T. Foskey, Nassau County
   Attorney.

2. I am familiar with the facts and circumstances of the above-captioned case, because I
   was one of the attorneys designated to represent the County Defendants in this matter.
   My representation in this case included but was not limited to a contentious litigation
   over Plaintiff's intended release of a sensitive piece of discovery; to wit, the Nassau
   County Police Department Internal Affairs Unit's investigative report 14-2009 (the
   "IAU Report").

3. The basis of my knowledge and understanding are files and documents maintained in
   The County Attorney's Office.

1

4. This Declaration is submitted in support of the County Defendants' motion seeking injunctive relief pursuant to Fed.R. Civ. P. 65, to prevent the imminent disclosure by Plaintiff's counsel of the contents and details of the IAU Report.

5. The subject IAU Report is under a Protective Order issued by Magistrate Judge Tomlinson on January 14, 2011 (DE 60). By Memorandum of Order and Decision dated August 8, 2011 (DE 110) this Court affirmed Magistrate Judge Tomlinson's Order.

6. Thereafter and as more fully detailed in the annexed memorandum of law, this Court explicitly denied Plaintiff's motion to lift the Protective Order (DE 198) holding that the Protective Order was not improvidently granted and that Plaintiffs did not demonstrate any exigent circumstances or compelling need to warrant vacateur of the Protective Order.

7. In finding that the Protective Order was not improvidently granted, this Court determined that it was proper for Magistrate Judge Tomlinson to consider the privacy interests of persons mentioned and/or interviewed in connection with the IAU Report, but who were not parties to the litigation, as well as the privacy interests of third-parties. (DE 198, at pages 22-23).

8. This office has received two Subpoenas Duces Tecum in connection with the case brought by N'Daya Lee against the Village of Hempstead, and several other parties. That case bears docket number CV-14-2853 (ADS) (GRB). The subpoenas are directed to Frederick K. Brewington, former counsel to Plaintiff in the Dorsett case and command production of materials which include the IAU Report.

2

9. As set forth in the annexed memorandum, upon receipt of the first Subpoena, the undersigned contacted the attorney for N'Daya Lee and informed her that the records she was seeking include the IAU Report which is under a Protective Order.  Lee's attorney, Mariel LaSasso, acknowledged that fact and stated, in sum and substance, that she intended to obtain the IAU Report.  Within a day of our conversation, this office received a second subpoena directed to Mr. Brewington which specifically commanded production of the IAU Report.

10. Annexed hereto as Exhibit A is a copy of LaSasso's first subpoena to Mr. Brewington, which is returnable on December 7, 2015.

11. Annexed hereto as Exhibit B is a copy of LaSasso's second subpoena to Mr. Brewington, dated November 18, 2015 which specifically calls for production of the IAU Report.

12. Annexed hereto as Exhibit C are copies of the County's objections to the subpoenas which were sent by electronic mail to all parties in N'Daya Lee's lawsuit and to Mr. Brewington.

13. Annexed hereto as Exhibit D is a copy of a letter from Frederick Brewington dated Sunday, November 22, 2015 in which he expresses his intention to comply with LaSasso's Subpoenas.

14. This application is brought on by Order to Show Cause because the County will be irreparably harmed if the Protective Order is not enforced and Plaintiff produces, dissemination or makes available the IAU Report.

15. For the reasons set forth herein and in the accompanying Memorandum of Law, the County Defendants respectfully request issuance of a temporary protective order

3

barring compliance with the subject subpoenas until such time as the motion to quash

same has been determined.

Dated: Mineola, New York
       November 25, 2015

                              CARNELL T. FOSKEY
                              Nassau County Attorney
                              One West Street
                              Mineola, New York 11501
                              Attorney for the County Defendants

                    By:       *Liora M. Ben-Sorek*
                              Liora M. Ben-Sorek
                              Deputy County Attorney
                              (516) 571-3014

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| N'Daya Lee, individually and as the Administratrix of the Estate of Diane Parker-Reed, | |
| Plaintiff, | **NOTICE OF SERVICE OF SUBPOENA DUCES TECUM** |
| -against- | |
| Incorporated Village of Hempstead, County of Nassau, Sgt. Kevin Galvin, Claudia Serrano, Lt. Patrick Cooke, Sgt. John Zoll, Lt. Edward Hayman, P.O. Vito Buccellato, P.O. Christopher N. Cohen, Sgt. Ivory G. Dixon, P.O. Jack Guevrekian, P.O. Edward P. Mulhearn, P.O. Roman Pettway, Jr., P.O. Frane Reado, P.O. Leroy D. Ridley, Det. Donald J. Bittner, Deputy Sheriff John M. Flanagan, John and Jane Does 1-10, and John and Jane Does 11-20, | **Docket No.: 14-CV- 2853** |
| Defendants. | |

Plaintiff hereby gives notice pursuant to Federal Rule of Civil Procedure 45(a)(4) to

Defendants that it intends to serve the attached subpoena duces tecum upon Frederick K.

Brewington, Esq.

Dated: New York, New York
       November 13, 2015

                                        LaSasso Law Group PLLC

                           By:        /S/ Mariel LaSasso
                                        Mariel LaSasso (ML9936)
                                        80 Maiden Lane, Suite 2205
                                        New York, New York 10038
                                        Tel.: (212) 421-6000
                                        Fax: (212)-421-6006
                                        *Attorneys for the Plaintiff*

To:

       William J. Garry, Esq.
       Harris Beach PLLC
       The OMNI
       333 Earle Ovington Blvd., Suite 901
       Uniondale, New York 11553

       John Hanley, Esq.
       Office of the Nassau County Attorney
       One West Street
       Mineola, New York 11501

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | | |
|---|---|---|
| Lee | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   14-CV- 2853 |
| Incorporated Village of Hempstead et al | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Frederick K. Brewington, Esq.

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

> All documents, videos, and audio files pertaining to Dorsett v County of Nassau et al, No. 10-cv-01258 (E.D.N.Y.), and the claims and relevant police activities at issue therein.

| Place: LaSasso Law Group PLLC | Date and Time: |
|---|---|
| | 12/07/2015 0:00 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/13/2015

|                         _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| | | /S/ Mariel LaSasso |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
N'Daya Lee _____ , who issues or requests this subpoena, are:

Mariel LaSasso, Esq, 80 Maiden Lane, Suite 2205, New York, NY 10038, mariel@lasassolaw.com 212-421-6000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AB (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14-CV- 2853

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Frederick K. Brewington, Esq.

on *(date)*                           .

    ❒ I served the subpoena by delivering a copy to the named person as follows:

 

                                                   on *(date)*                          ; or

    ❒ I returned the subpoena unexecuted because:                                                         .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $                           .

My fees are $                       for travel and $                   for services, for a total of $      0.00      .

    I declare under penalty of perjury that this information is true.

Date:                      

                                                               *Server's signature*

                                                               *Printed name and title*

                                                               *Server's address*

Additional information regarding attempted service, etc.:

88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

## Ben-Sorek, Liora M

| | |
|---|---|
| **From:** | Hanley, John |
| **Sent:** | Thursday, November 19, 2015 9:51 AM |
| **To:** | Ben-Sorek, Liora M |
| **Subject:** | FW: Lee v. Incorporated Village of Hempstead et al |
| **Attachments:** | 2015-11-18 Notice of Subpoena to Brewington.pdf |

JJH

**From:** Kenneth Giancola [mailto:kgiancola@lasassolaw.com]
**Sent:** Wednesday, November 18, 2015 5:17 PM
**To:** wgarry@harrisbeach.com; Hanley, John; khenry@harrisbeach.com
**Cc:** 'Mariel LaSasso'
**Subject:** Lee v. Incorporated Village of Hempstead et al

Gentlemen,

Plaintiff will be serving an additional subpoena upon Frederick Brewington, Esq. Attached please find a courtesy copy, hard copy was served today via regular mail.

Should you have any questions or wish to discuss this matter further please do not hesitate to contact us.

Very Truly Yours,


Kenneth M. Giancola, Esq.
LaSasso Law Group PLLC
80 Maiden Lane, Suite 2205
New York, New York 10038
(212) 421-6000 (office)
(212) 421-6006 (fax)
(201) 805-1960 (cell)
kgiancola@lasassolaw.com
www.lasassolaw.com

NOTICE: This message is sent by a law office and may contain information that is privileged or confidential. If you receive this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

N'Daya Lee, individually and as the Administratrix of
the Estate of Diane Parker-Reed,

                                        Plaintiff,

                    -against-

Incorporated Village of Hempstead, County of Nassau,
Sgt. Kevin Galvin, Claudia Serrano, Lt. Patrick Cooke,
Sgt. John Zoll, Lt. Edward Hayman, P.O. Vito
Buccellato, P.O. Christopher N. Cohen, Sgt. Ivory G.
Dixon, P.O. Jack Guevrekian, P.O. Edward P.
Mulhearn, P.O. Roman Pettway, Jr., P.O. Frane
Reado, P.O. Leroy D. Ridley, Det. Donald J. Bittner,
Deputy Sheriff John M. Flanagan, John and Jane Does
1-10, and John and Jane Does 11-20,

                                        Defendants.

---

**NOTICE OF SERVICE OF SUBPOENA DUCES TECUM**

**Docket No.: 14-CV- 2853**

Plaintiff hereby gives notice pursuant to Federal Rule of Civil Procedure 45(a)(4) to

Defendants that it intends to serve the attached subpoena duces tecum upon Frederick K.

Brewington, Esq.

Dated: New York, New York
       November 18, 2015

                              LaSasso Law Group PLLC

                    By:       /S/ Mariel LaSasso
                              Mariel LaSasso (ML9936)
                              80 Maiden Lane, Suite 2205
                              New York, New York 10038
                              Tel.: (212) 421-6000
                              Fax: (212)-421-6006
                              *Attorneys for the Plaintiff*

To:
       William J. Garry, Esq.
       Harris Beach PLLC
       The OMNI
       333 Earle Ovington Blvd., Suite 901
       Uniondale, New York 11553

       John Hanley, Esq.
       Office of the Nassau County Attorney
       One West Street
       Mineola, New York 11501

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| Lee | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 14-CV- 2853 |
| Incorporated Village of Hempstead et al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Frederick K. Brewington, Esq.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Internal Affairs Unit Report 14-2009 which documents the Nassau County Police Department's internal investigation into the death of Jo'Anna Bird.

| Place: LaSasso Law Group PLLC | Date and Time: |
|---|---|
| | 12/14/2015 9:30 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/18/2015

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| | /S/ Mariel LaSasso |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
N'Daya Lee _____ , who issues or requests this subpoena, are:

Mariel LaSasso, Esq, 80 Maiden Lane, Suite 2205, New York, NY 10038, mariel@lasassolaw.com 212-421-6000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 14-CV- 2853

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Frederick K. Brewington, Esq.

on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT C

## Ben-Sorek, Liora M

| | |
|---|---|
| **From:** | Ben-Sorek, Liora M |
| **Sent:** | Thursday, November 19, 2015 4:35 PM |
| **To:** | 'murial@lasassolaw.com'; Fred Brewington; wgarry@harrisbeach.com; kcorbett@harrisbeach.com |
| **Cc:** | Hanley, John; wgarry@harrisbeach.com; kcorbett@harrisbeach.com |
| **Subject:** | N'Daya Lee v. Incorporated Village of Hempstead, et al.; CV-14-2853 |

Counsel:

Notice is hereby given, pursuant to Federal Rules of Civil Procedure 45, that the Nassau County Defendants object to two (2) subpoenas duces tecum issued by plaintiff's counsel which direct Frederick K. Brewington, Esq. to produce Pall documents, videos, and audio files pertaining to Dorsett v. County of Nassau et al, No 10-cv-01258 (E.D.N.Y.), and the claims and relevant police activities at issue therein" as well as"Internal Affairs Unit Report 14-2009 which documents the Nassau County Police Department's internal investigation into the death of Jo'Anna Bird."

The materials demanded in the subpoenas are confidential and remain subject to a Court-Issued Protective Order.

A formal written objection and motion to quash shall be forthcoming.

*Liora M. Ben-Sorek*
Deputy Bureau Chief
Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.* This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**Ben-Sorek, Liora M**

| | |
|---|---|
| **From:** | Ben-Sorek, Liora M |
| **Sent:** | Friday, November 20, 2015 9:11 AM |
| **To:** | 'mariel@lasassolaw.com' |
| **Subject:** | N'Daya Lee v. Incorporated Village of Hempstead, et al.; CV-14-2853 (ADS) (GRB) |
| **Importance:** | High |

Counsel:

Notice is hereby given, pursuant to Federal Rules of Civil Procedure 45, that the Nassau County Defendants object to two (2) subpoenas duces tecum issued by plaintiff's counsel which direct Frederick K. Brewington, Esq. to produce Pall documents, videos, and audio files pertaining to Dorsett v. County of Nassau et al, No 10-cv-01258 (E.D.N.Y.), and the claims and relevant police activities at issue therein" as well as"Internal Affairs Unit Report 14-2009 which documents the Nassau County Police Department's internal investigation into the death of Jo'Anna Bird."

The materials demanded in the subpoenas are confidential and remain subject to a Court-Issued Protective Order.

A formal written objection and motion to quash shall be forthcoming.

*Liora M. Ben-Sorek*
Deputy Bureau Chief
Litigation Bureau
Nassau County Attorney's Office
One West Street
Mineola, New York
Phone (516) 571-3014
Fax (516) 571-3058

*All material contained in this e-mail, including attachments, is privileged and intended solely for the person to whom the e-mail has been addressed.* This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

# EXHIBIT D

THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 • www.brewingtonlaw.com

Frederick K. Brewington
Ira Fogelgaren
Gregory Calliste, Jr.

November 22, 2015

**BY FAX, BY HAND and BY EMAIL**
Liora Ben-Sorek, Esq.
Deputy Bureau Chief
Office of the County Attorney
County of Nassau
One West Street
Mineola, New York 11501-4820

> Re:   Lee v. Incorporated Village of Hempstead, et al.
>        Docket No.: CV-14-2853
>                  -and-
>        Dorsett. v County of Nassau, et.al.
>        Docket No.: CV-10-1258 (ADS)(AKT)

Dear Ms. Ben-Sorek:

As you are aware this office previously represented the Estate of Jo'Anna Bird in the seconded caption action listed above. That matter is closed. Further, I am again advising you that my office has been served with two subpoenas *Duces Tecum* requiring me to produce documents relating to the *Dorsett* matter. I have now accepted service of each. I am aware of your knowledge of this fact due to your email sent to me on November 19, 2015. Accordingly, notice of each, has previously been provided to you within 24 hours of their service. One of the items requested is the Internal Affairs Unit Report which was conducted of the Nassau County Police Department's actions and failures in the death of Jo'Anna. Please be informed that consistent with the requests of each, it is my intention to obey the orders in the Subpoenas served on me.

As the Court has directed in its order dated November 26, 2012, "[c]ompliance with any order directing production of any Confidential Material pursuant to the subpoena shall not constitute a violation of this Order." Each of Subpoena "commands" me to disclose the information and

**Liora Ben-Sorek, Esq.**
**November 22, 2015**
**Page 2**

documents sought. As you know, this direction is an order which compels my compliance. So that I am addressing the subpoena and also informing you of my intention, I am providing this letter. As we are not a party to the instant litigation, I will seek permission to file this notification letter with the Court by fax to Judge Spatt on Monday November 23, 2015. Further, my compliance will be consistent with the dates set out in each Subpoena served.

As always should you have any questions, please do not hesitate to contact this office.

Sincerely,

FREDERICK K. BREWINGTON

FKB:rw
cc: Honorable Arthur D. Spatt (By Fax with permission)
    Mariel LaSasso, Esq. (By Fax and Email)
    William Garry, Esq. (By Email)