UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHARON DORSETT, individually and as the
Administratrix of the Estate of JO'ANNA BIRD,

**CV-10-1258
(ADS) (AKT)**

Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, OFFICE OF THE
NASSAU COUNTY DISTRICT ATTORNEY,
Detective ROBERT ARIOLA, in his official and
individual capacities, Police Officers And/Or
Detectives JOHN AND JANE DOES 1 – 10, District
Attorney JOHN AND JANE DOES 1 – 10, And
LEONARDO VALDEZ-CRUZ,

Defendants.
------------------------------------------------------------------X


**MEMORANDUM OF LAW**


CARNELL T. FOSKEY
Nassau County Attorney
One West Street
Mineola, New York 11501
Attorney for the County Defendants
(516) 571-3056

*Of Counsel:*
Liora M. Ben-Sorek, Esq.

## PRELIMINARY STATEMENT

This case was closed on July 22, 2011.

On behalf of the defendants, County of Nassau, Nassau County Police Department, the Office of the Nassau County District Attorney and Detective Robert Abriola, this application constitutes the Defendants' request to maintain the Protective Order and avert the imminent and immediate dissemination of the IAU Report in the context of another civil lawsuit unrelated to the Dorsett matter.

Moreover, to prevent this issue from recurring yet again, Defendants ask that this Court direct Plaintiff's counsel to return to Nassau County each and every hard copy of the IAU Report in his possession or control – including any copies which may have been given to his former client, associates and staff, as well as directing that Plaintiff's counsel delete all electronic copies, or portions thereof, and file an affidavit attesting to same.

## BACKGROUND FOR THIS APPLICATION

During the course of the litigation in this now-closed action, a protective order was issued by Magistrate Judge Tomlinson (the "Protective Order") which prevented the disclosure or dissemination of Nassau County Police Department Internal Affairs Unit investigation report 14-2009 (the "IAU Report") (see, Memorandum Decision and Order, DE 60).

Magistrate Judge Tomlinson's Protective Order was affirmed by this Court in a Memorandum of Decision and Order dated August 8, 2011 (DE 110). This Court again upheld the Protective Order and prevented disclosure of the IAU Report in its Memorandum of Decision and Order dated November 26, 2012 (DE 198) by denying Plaintiff's motion to lift the Protective Order. In the latter, the Court noted Plaintiff's

1

"continuous effort . . . to obtain and publicize the contents of a major piece of discovery in this now settled case: namely, the Internal Affairs Unit Report 14-2009." (DE 198, at page 2).

Despite the passage of time, Plaintiff's counsel's resolve to disclose the IAU report seemingly has not abated. Here, almost three (3) years to the day since this Court rendered its decision denying Plaintiff's application to lift the Protective Order (DE 198) this Court is once again being asked to decide whether the Plaintiff and their counsel are bound by the Protective Order.

The most recent specter for the potential release of the IAU Report arises in the context of another case: specifically, *N'Daya Lee, individually and as the Administratrix of the Estate of Diane Parker-Reed v. Incorporated Village of Hempstead, County of Nassau, Sgt. Galvin, Claudia Serrano, Lt. Cooke, Sgt. Zoll, Lt. Hayman, P.O. Buccellao, P.O. Cohen, Sgt. Dixon, P.. Buevrekian, P.O. Mulhearn, P.O. Pettway, P.O. Reado, P.O. Ridley, Det. Bittner and Deputy Sheriff Flanagan*, (Docket No. CV-14-2853 (ADS) (GRB)).

## SUBPOENA DUCES TECUM ISSUED TO DISCLOSE THE IAU REPORT

N'Daya Lee's counsel, Mariel LaSasso, Esq. has served two (2) Subpoena Duces Tecum upon Sharon Dorsett's former attorney, Frederick K. Brewington, Esq. The first Subpoena commands production by December 7, 2015 of "[a]ll documents, videos, and audio files pertaining to Dorsett v. County of Nassau et al, No. 10-cv-1258 (E.D.N.Y.), and the claims and relevant police activities at issue therein." The Subpoena is attached hereto as Exhibit A.

Upon receipt of the Subpoena the undersigned contacted Ms. LaSasso by phone and explained to her that the documents she was demanding included documents which are under a Protective Order. Ms. LaSasso not only acknowledged that fact, she affirmed that she was in fact seeking production of the IAU Report.

Following our conversation, on November 18, 2015 LaSasso's office e-mailed a second Subpoena Duces Tecum with the covering message indicating its intent to serve same on attorney Brewington. LaSasso's second Subpoena specifically commands production of "Internal Affairs Unit Report 14-2009 which documents the Nassau County Police Department's internal investigation into the death of Jo'Anna Bird." A copy of this Subpoena is attached hereto as Exhibit B.

Notwithstanding that the description of what the IAU Report details is incorrect, the fact remains that LaSasso issued a Subpoena Duces Tecum in her capacity as an officer of the Court to compel production of a document which she is aware is under a Court-issued Protective Order preventing its disclosure.

Consequently, and pursuant to Federal Rules of Civil Procedure 45, this office timely served notice of its objections to both subpoenas. A copy of said Notice is attached hereto as Exhibit C. A formal motion to quash will be filed in connection with the *N'Daya Lee* case.

However, because the subpoenas impact the Protective Order issued in the within case, the Defendants write to apprise the Court of the current situation and seek the most expedient method to prevent what is believed to be a contemptuous violation of the Protective Order.

3

## IMPENDING VIOLATION OF THE PROTECTIVE ORDER

In a letter dated Sunday, November 22, 2015 (a copy of which is attached as Exhibit D) Dorsett's former attorney, Mr. Brewington, acknowledged receipt and service of both subpoenas in the *N'Daya Lee* case. He further stated his intention to comply with the directives of each of the subpoenas.

Mr. Brewington justifies releasing the IAU Report as both obeying a subpoena, which he refers to as an order, and by quoting a portion of this Court's November 26, 2012 Order (DE 198) which states in part "[c]ompliance with any order directing production of any Confidential Material pursuant to the subpoena shall not constitute a violation of this Order." The County contends that neither of these reasons excuses the disclosure of the IAU Report and, further, that disclosure constitutes a violation of the Protective Order.

With respect to the subpoena, while it is true that a subpoena issued by an attorney admitted in the district holds the effect of a Court Order (*see Alston v. West 88th Garage LLC*, 2012 WL 6629051, *1 (S.D.N.Y. Oct. 9, 2012), citing *Williams v. Keenan* 106 F.R.D. 565, 567 (D.Mass.1985)), it also appears that in this instance both Mr. Brewington and Ms. LaSasso are utilizing the subpoena process as a shield against liability to circumvent the Protective Order issued by Magistrate Judge Tomlinson and affirmed twice by Your Honor to achieve his goal of disseminating the IAU Report, especially through disclosure to an individual (Ms. LaSasso) who is not bound by the terms of the Protective Order.

Moreover, while Mr. Brewington has standing to challenge the subpoena, he does not plan to do so. At the very least, an inquiry should have been made as to whether the

4

subpoena is proper, especially in light of the litigation surrounding this one particular piece of discovery. Mr. Brewington's letter makes no mention of inquiring whether the IAU Report is necessary in the *N'Daya Lee*, creating an inference that he is blindly complying with Ms. LaSasso's subpoenas.

The County contends that the IAU Report is of no value to the parties in the *N'Daya Lee* lawsuit. More specifically, the *Lee* case alleges non-feasance or mis-feasance on the part of Village of Hempstead Police personnel ("HPD"). Plaintiff's flawed theory of liability is that the Nassau County Police Department ("NCPD") owed a duty to the plaintiff's decedent. Discovery in the *Lee* case will undoubtedly resolve that issue. And the proper way for *Lee's* counsel, LaSasso, to obtain discovery material would have been through serving a demand for documents upon the County and enabling the parties to litigate the propriety and relevance of her discovery demands. By issuing subpoenas in the guise of an officer of the Court, however, Ms. LaSasso is side-stepping a Court-issued Protective Order shielding the IAU Report from disclosure and providing a loop-hole for dissemination of the IAU Report which Dorsett's counsel himself was not able to achieve.

Contrary to his contention that this Court's November 26, 2012 Order (DE 198) excuses a violation of a Court order if one is responding to a subpoena, the provision to which Mr. Brewington relies is not applicable in this situation.

More particularly, the Order at issue, DE 198, addressed two separate applications: (1) the Dorsett Plaintiff's motion to lift the Protective Order, and (2) the Press Intervenors' motion to vacate the Confidentiality Order. (DE 198, at page 2). At the outset of the Memorandum of Decision (DE 198), the Court points out the existence

5

of two restraints upon the disclosure of the IAU Report. The first is the Protective Order dated January 14, 2011 (DE 60). The second is a "Confidentiality Order" drafted by the County Attorney's Office to facilitate the County Legislature's consideration of a settlement in the Dorsett action by enabling legislators to review the IAU Report. The "Confidentiality Order," which was so-ordered by the Court on December 15, 2011, extended the Protective Order to members of the Nassau County Legislature. (DE 198, at page 2 and 9-10). The Confidentiality Order was never intended to, nor did it impact Plaintiff's limitations and restraints under the Protective Order.

Throughout its November 26, 2012 Memorandum of Decision and Order (DE 198), the Court maintains a distinction between the "Protective Order" and the "Confidentiality Order." A distinction in verbiage as well as in definition. The Confidentiality Order did not apply to the Plaintiff. As the November 26, 2012 Memorandum of Decision and Order points out, "[t]he Plaintiff's attention is focused on the initial Protective Order rather than the subsequent Confidentiality Order" (DE 198, at page 11).

This Court went on to hold that "Plaintiff has not demonstrated that the Protective Order was improvidently granted, or that extraordinary circumstances existed, or that a compelling need exists under the relevant standard, the Court sees no reason to vacate the Protective Order. Therefore, the Plaintiff's motion to vacate the Protective Order is denied." (DE 198, at page 25).

The next portion of the Memorandum addresses the motion by the Press Intervenors to challenge the "Confidentiality Order." (DE 198, at page 26). As noted above, the purpose of the "Confidentiality Order" was to extend the prohibitions of the

Protective Order to members of the Nassau County Legislature. In no uncertain terms, the Confidentiality Order was specific to members of the County Legislature and their staff. In order to clear up some ambiguities about the breadth of restrictions, the Court amended the Confidentiality Order (DE 198, pages 36-38). But the amendments did not extend the Confidentiality Order to Dorsett. Nevertheless, it is to paragraph 10 of the amended Confidentiality Order (DE 198, at page 38) where Dorsett's former attorney seeks to find immunity for disclosing the IAU Report in response to a subpoena.

## CONCLUSION

In light of the foregoing, the County respectfully requests that the Court issue a decision and order directing that the Protective Order remain in effect, and clarifying that disclosure of the IAU Report, except through a Court-Ordered subpoena, will constitute a violation of the Protective Order. The County also requests an Order directing the return to it of all hard copies of the IAU Report in possession of Dorsett and/or her attorneys, as well as their destruction of all electronic copies of the IAU Report together with an affidavit attesting to same.

Dated: Mineola, New York
November 25, 2015

                                                  CARNELL T. FOSKEY
                                                  Nassau County Attorney
                                                  One West Street
                                                  Mineola, New York 11501
                                                  Attorney for the County
                                                  Defendants

By:    *Liora M. Ben-Sorek*
           Liora M. Ben-Sorek
           Deputy County Attorney
           (516) 571-3014