| | | |
|---|---|---|
| **EDWARD P. MANGANO**<br>County Executive |  | **CARNELL T. FOSKEY**<br>County Attorney |

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
516-571-3056
FAX:  516-571-6604
WRITER'S DIRECT LINE:  516-571-3014

December 2, 2015

**Via ECF and First Class Mail**

Hon. Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    Dorsett v. County of Nassau, et al.
                CV-10-1258 (ADS) (AKT)

                Lee v. Village of Hempstead, et al.
                CV-14-2853 (ADS) (GRB)

Dear Judge Spatt:

      This office represents the municipal and individual defendants in the *Dorsett* case referenced hereinabove, as well as the individually-named and municipal County defendants in the *Lee* matter which is also referenced above.

      This letter is sent in response to the November 30, 2015 correspondence from Plaintiff's former counsel in the *Dorsett* litigation (*see* DE 208).  In that letter, counsel asked the Court to "issue a corrected Order . . . indicating that [he has] done nothing wrong and [is] not required to 'Show Cause' on any issue at this stage." (DE 208 at page 2).  Counsel also suggests that he should not be required to file any papers in opposition to the Order to Show Cause. (DE 208 at page 2).  The referenced Order to Show Cause (the "Order") was issued on November 25, 2015.  (DE 206).

      This matter is properly before this Court because the Subpoenas issued by plaintiff's counsel in the *Lee* case directly impact the Protective Order issued in *Dorsett*.

Plaintiff's request for an amended Order should be summarily denied. Absent the judicial intervention and issuance of the Order, opposing counsel would have carried out his stated intention "to obey the . . . Subpoenas served on [him] . . . [which] 'commands' [him] to disclose the information and documents sought . . . [and is] an order which compels [his] compliance." (*see* Ben-Sorek Declaration, Exhibit D - Brewington letter dated 11/22/15 (DE 205-1)). It is respectfully submitted that compliance with the Subpoenas would have resulted in contempt of the Protective Order relating to the IAU Report.

Opposing counsel's attempt to distance himself from any suggestion of contempt and/or wrongdoing by pointing out that his November 22nd letter merely "gave the notice that [he] was required to provide" (DE 208 at page 2) is of no avail because there was no obligation to provide the County with notice regarding his receipt of the Subpoenas. Moreover, as noted above, the November 22 missive did not simply convey notification of receipt of two Subpoenas in the *Lee* case, but heralded the impending release of the protected IAU Report.

While counsel may not have had a legal obligation to inquire of plaintiff's counsel in the *Lee* case about the necessity for the records sought by the Subpoenas, based upon the expansive litigation surrounding the IAU Report itself in *Dorsett*, common sense dictates that some level of inquiry should have been made.

The County is satisfied by Mr. Brewington's November 30th unequivocal statement that he "recognize[s] and will honor the Court's prior ruling precluding [him] from disclosing the Internal Affairs Report" (the "IAU Report"). (DE 208 at page 1). That is the relief sought by the County's motion. What remains to be addressed though, is the near disclosure of the Internal Affairs Report and the risk of future possible dissemination.

As pointed out in opposing counsel's November 30 communication "the [*Dorsett*] case is long since over." (DE 208 at page 1). As such, there is no longer any need for the plaintiff in that action to possess the IAU Report. Additionally, the fact that opposing counsel is not required to provide notice to the County or to the Court of requests, subpoenas or court orders related to the IAU Report accentuates the importance of the County's request that all hard copies of the IAU Report be returned to Nassau County and all electronic versions of the IAU Report, or portions thereof, be deleted.

Finally, just as opposing counsel wished to make his position clear, so too, does the County wish to correct the record. The County vehemently opposes the insinuation that it is involved in "actions that could be seen as covering up and hiding" information from the public. (DE 208 at page 2). In the first instance, there is no "cover up." Secondly, the report at issue is not a piece of information that the public would be privy to. That matter has been thoroughly litigated and it is law of the case that the IAU Report is not a public document. Also repeatedly litigated and decided is the fact that no "gag order" was in effect. Thus reference to being "gagged" is inaccurate as is opposing counsel's characterization of the content of the IAU Report. (DE 208 at page 1).

      For the reasons set forth hereinabove, the County opposes the relief sought by Plaintiff, and asks that the Court grant such other and further relief as this Court deems just and appropriate.

                                                  Respectfully submitted,

                                                  *Liora M. Ben-Sorek*
                                                  Liora M. Ben-Sorek
                                                  Deputy County Attorney

cc:    Frederick K. Brewington, Esq. (Via ECF)