# LaSasso Law Group PLLC

80 MAIDEN LANE · SUITE 2205 · NEW YORK, NEW YORK 10038 TEL (212) 421-6000 – FAX (212) 421-6006

December 8, 2015

<u>VIA ECF</u>
Hon. Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

     Re: *Dorsett v. County of Nassau*, et al.
        10-CV-1258 (ADS) (AKT)

        *Lee v. Village of Hempstead, et al.*,
        14-CV-2853 (ADS) (GRB)

Dear Judge Spatt,

   This office is the attorneys for Plaintiff N'Daya Lee, individually and as executrix of the Estate of Diane Parker-Reed in *Lee v. Village of Hempstead, et al.*, 14-CV-2853 (ADS) (GRB)("*Lee*"). We write with respect to the November 25, 2015 Order to Show Cause (DE 206) and the subsequent letters filed by Mr. Brewington (DE 208) and County (DE 209).

   *Lee* is a federal civil rights action against County of Nassau, Village of Hempstead and individual officers from their respective police departments alleging *inter alia* that their repeated failures to adequately respond to domestic violence by non-party Leonard Reed increased the danger of further violence by Mr. Reed in violation of the plaintiff's constitutional rights. In *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415 (2d Cir. 2009) the Second Circuit found that "[t]he serious and unique risks and concerns of a domestic violence situation are well known and well documented." The Second Circuit held that a repeated failure to adequately respond to domestic violence conveys a message to the abuser that he is free to engage in intentional violence, thereby contributing to the vulnerability of the victim and emboldening the abuser, giving rise to a substantive due process violation. *Id.* at 428-436. Repeated failures by multiple department members suggests a unconstitutional municipal policy and/or a failure to train. *Id.* at 439-441.

   In *Okin*, police from two departments interacted with the victim on approximately twelve occasions over the course of two years and five months. In less than four months, from the time Diane Parker-Reed fled to a secret safe house on November 6, 2012 until Leonard Reed murdered her on February 7, 2013, police were involved on at least seven occasions and during the last week of her life, Diane spoke with an HPD sergeant every single day—her last call with that sergeant was five hours before her death. The NCPD third squad detectives received reports from the Village related to plaintiff on at least five additional occasions, sent ambulances for Diane three previous times, and had previously arrested Reed for pistol-whipping Diane in April 2011 and other crimes involving drugs and his firearm. Despite knowing Reed had an illegal firearm, County never seized it.

   While *Okin* shows an unconstitutional custom could be founded on failing to respond to multiple reports from a single victim, with the County of Nassau their history of failing to respond is not limited to just N'Daya Lee and Diane Parker, but at the very least includes failing to respond to Jo'Anna Bird's multiple reports.

Hon. Arthur D. Spatt
December 8, 2015
Page 2

We respectfully write to alert the Court to three things. First, contrary to the County's submissions, Mr. Brewington has not disclosed anything to Plaintiff at this time and has not complied with either subpoena. Second, Plaintiff served two subpoenas: The first subpoena demands all documents related to the domestic violence investigations and failings related to Jo'Anna Bird, including but not limited to the internal affairs report, audio transmissions, orders or protection, DIRs and other relevant reports; the second specifically requests the IAU Report by name. As County has failed to identify any documents other than the IAU Report, which should not be disclosed pursuant to Plaintiff's first subpoena, Mr. Brewington should not be enjoined from releasing the other documents he obtained through investigation or discovery.

Third, as this Court is aware, County has filed a motion to quash both subpoenas on the *Lee* docket and a hearing is scheduled before Magistrate Judge Brown for December 16, 2015. Today, Plaintiff filed an opposition to County's motion to quash, which addresses the merits of Plaintiff's request for the IAU Report.

Finally, County's statement that the proper channel for obtaining the report would be discovery is disingenuous given County's flagrant disregard for participating in discovery thus far. As has been addressed on the *Lee* docket, Plaintiff made discovery demands in that action, which cover the IAU Report on May 8, 2015. Despite several court orders, County has failed to produce a single document or serve any discovery responses to date. Plaintiff's second discovery motion is to be heard along with the motion to quash on December 16, 2015.

Respectfully Submitted,

/S/

Mariel LaSasso, Esq.

cc:  John Hanley, Esq.
     William J. Garry, Esq.
     Carl Sandel, Esq.